BROWNING v. EL PASO LUMBER CO.

(Court of Civil Appeals of Texas. El Paso. Oct. 12, 1911. Rehearing Denied Nov. 1, 1911.)

1. COURTS (§ 121*)—JURISDICTION — AMOUNT —COUNTY COURTS.

If, in an action in the county court upon open account to recover $200.18, an item of $3.72 was barred by limitations, defendant's exception to the court's jurisdiction should have been sustained and the suit dismissed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–428; Dec. Dig. § 121.*]

2. PLEADING (§ 248*) — AMENDMENT — NEW CAUSE OF ACTION.

Where the amount alleged to be due in the original petition in an action on an open account, and the total amount shown to be due on the exhibit accompanying it of the items sued for, included an item of $3.72, an amendment to the petition and exhibit so as to show the particulars of such item and amount thereof did not state a new cause of action; amendments which merely supply omissions or correct mistakes in the original pleading being proper.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686–709; Dec. Dig. § 248.*]

3. PLEADING (§ 312*) — EXHIBITS — CONTROL OVER PLEADINGS.

While in some cases exhibits control the pleadings to which they are attached, so that a written instrument attached to a pleading would control the pleading so as to correct a

misdescription therein, exhibits do not always control pleadings, their purpose being merely to aid and explain their allegations, and where the petition in an action on an open account alleged that a certain amount was due, which amount included an item not show in detail, on the exhibit attached, setting forth the items for which recovery was sought, but was included in the total amount due as shown on the exhibit, the petition would control over the exhibit as to the items sued for and the amount due.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 943, 948; Dec. Dig. § 312.*]

4. INTEREST (§ 39*)—ACCOUNTS.

Under the direct provisions of Rev. St. 1895, art. 3102, interest on open accounts should be allowed from the 1st day of January after they are made, and not from the time they become due.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 83–89; Dec. Dig. § 39.*]

5. ACCOUNT, ACTION ON (§ 7*)—ADMISSION OF EVIDENCE.

Where, in an action on an open account for lumber sold, the evidence sustained a finding that defendant was personally liable for all of the items on the account sued upon, the fact that a dray receipt for items of lumber, claimed to be a part of the account sued for, on its face showed a sale and delivery to another than defendant, would not make it inadmissible, especially where defendant's name appeared under the itemization on the receipt; it being immaterial to whom the receipt showed the sale and delivery to have been made if defendant was liable for the lumber.

[Ed. Note.—For other cases, see Account, Action on, Dec. Dig. § 7.*]

Appeal from El Paso County Court; Albert S. Eylar, Judge.

Action by the El Paso Lumber Company against Lulu Browning. From a judgment for plaintiff, defendant appeals. Affirmed.

R. V. Bowden and McGown & Price, for appellant. Jones & Jones, for appellee.

HIGGINS, J. Appellee filed suit in county court of El Paso county on April 9, 1908, against appellant upon an open account for lumber and other building material, alleged to have been sold and delivered to appellant between August 13, 1906, and September 27, 1906. The statement of the cause of action in the original petition is as follows: "That the defendant is justly indebted to plaintiff for goods and lumber and building material sold and delivered to the defendant by plaintiff at defendant's special instance and request between the 13th day of August, 1906, and the 27th day of September, 1906, as per itemized account thereof hereto attached marked 'Exhibit A' and made a part hereof, which bill of goods and lumber, so sold to. defendant aforesaid, after allowing all just credits and offsets, amounts to $200.-18; that the prices charged for said lumber and material are and were of the reasonable value of the said material at the time of the sale of same to the defendant; and that the defendant agreed to pay the plaintiff said prices for said goods and material in said account described." The other formal and usual allegations in suit upon open account were made, and judgment was prayed for the sum of $200.18, with interest. Attached to the petition and made a part thereof was an unverified itemized account stating in detail the articles sold. A separate total of the items sold on each date was given and these subtotals carried forward, and the total of the various subtotals amounted to $200.18. The total of the articles sold on August 21st was stated to be $70.18; but a correct addition of that day's items would total only $66.46. Hence it was apparent from a correct addition of all of the items shown upon the exhibit that the correct total was $196.16, instead of $200.18, as alleged in the petition and as shown by the various subtotals. On May 18, 1910, plaintiff filed a trial amendment alleging defendant to be justly indebted in sum of $200.18 as alleged in original petition and as per the exhibit attached thereto, but that in transcribing the account from the books an item of "62–1–⅛ inches Plinth ,block, $3.72," shown by the books and a part of the account, was, by error, omitted in transcribing, and prayed permission to insert said item in the account. On November 28 1910, plaintiff filed an amended petition combining the allegations contained in the original petition and trial amendment. Attached to the amended petition and made a part thereof was an itemized account, which was a duplicate of the account attached to the original petition, except that it contained above item of "62–1–⅛ inches Plinth block, $3.72," sold on August 21st. On November 28, 1910, defendant filed second amended answer, excepting to the above item of $3.72 upon ground that it was barred by statute of limitation; she also excepted to the jurisdiction of court upon theory that the elimination of said item by the bar of the statute would reduce the plaintiff's demand to an amount below the jurisdiction of the court. The exceptions were overruled, and upon trial judgment was rendered for the amount sued for.

[1] If the item referred to was barred, the exception thereto should have been sustained, and it would then necessarily follow that the exception to the jurisdiction of the court should also be sustained and the suit dismissed. W. U. Tel. Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8; Lowe v. Dowbarn, 26 Tex. 507.

[2] Appellant contends that the item was not in controversy or sued upon in the original petition, and that the amendments constitute a new cause of action in so far as they relate thereto.

In this view we do not concur. The amount alleged to be due in the original petition and the total shown on the exhibit covered and included the particular item.

The fact that it was not included in the items composing the exhibit does not alter the fact that it was claimed and sued for. Upon trial plaintiff would have had the right to prove this item unless objection had been made that it was not shown by the account. Upon such objection being made, proof as to that item would have been refused. An amendment which merely supplies omissions, or corrects mistakes, in an original pleading, sets up no new cause of action, and the statute of limitation does not apply. Smith v. Kinneys, Ex'rs, 33 Tex. 284; Thouvenin v. Lea, 26 Tex. 612; Becton v. Alexander, 27 Tex. 659.

In case at bar the amendments sue for the same total claimed in the original petition and were based upon precisely the same cause of action, and the most that can be said of the defect in the original petition is that the same defectively stated the plaintiff's cause of action as to the item of $3.72. The amendments merely corrected this defect and did not state a new cause of action as to the total amount in controversy.

The question, reduced to its last and final analysis, is: Was the item of $3.72, sued for, and in controversy, under the allegations of the original petition? We think that it was, but so defectively pleaded that proof thereof could not have been made if proper objection were made, and that the amendments merely corrected this defect in the pleading and stated no new cause of action.

[3] Appellant contends that the exhibit controls the petition, and that an inspection of the exhibit would show the correct amount due to be $196.16. Such is not necessarily the effect of an exhibit; its purpose being merely to aid, elucidate, and explain the specific allegations in the pleadings, and not to control. Burks v. Watson, 48 Tex. 107.

Where a written instrument is attached and made a part of a pleading, it would correct a misdescription thereof in the pleading, and in such case would control; but such a rule would not always obtain. In this case we think the allegations in the original petition of the amount due and sued for would control.

[4] Error is assigned to the allowance of interest from January 1, 1907; appellant contending that interest upon an open account should be allowed from the date the account is due and that this account became due subsequent to January 1, 1907. The statute, however, provides that interest upon open accounts shall be allowed from the 1st day of January after the same are made, and not from the date the accounts become due. Article 3102, R. S. 1895; Erb Springall Co. v. Pittsburg Glass Co., 101 S. W. 1165.

[5] Error is also assigned to the admission in evidence of a dray receipt for lumber valued at $15.97.

The bill of exceptions shows that the receipt recited that C. H. Foote bought of plaintiff certain items of lumber amounting to $15.97, and under the itemization the name "Browning" appears.

Under the evidence the jury was warranted in finding that defendant was personally liable for all of the items in the account sued upon. The fact that the dray receipt upon its face showed a sale and delivery to Foote, and the fact that the account was in the name of Foote upon the books of the plaintiff, would not render the same inadmissible in evidence if the plaintiff could show liability for the account upon part of defendant. It is wholly immaterial to whom the same was charged upon the books, or to whom the dray receipt showed the sale and delivery to have been made, if the liability of defendant was otherwise established.

The objection that the entries were not contemporaneous with the sale and delivery of the material is not supported by the evidence. The same is true of the objection to the item of $1.27 worth of lumber purchased by Phinney, as the evidence supports the finding that he was the agent of defendant.

The assignments of error have not been discussed seriatim; but they have all been duly considered and disposed of by what has been said above.

Affirmed.