## MUSICK v. MUECKE.
### No. 12311.

Court of Civil Appeals of Texas.  Galveston.

Oct. 4, 1951.

Rehearing Denied Oct. 25, 1951.

Musick & Peters and Ted Musick, all of Houston, for appellant.

Merrill & Scott and Frank L. Merrill, all of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the County Court at Law, of Harris County, entered wholly in response to a jury's verdict upon special issues-of-fact, submitted to it by the court, denying the Appellant any recovery for damages for the loss of, or injury to, his motorboat he claimed to have stored with the Appellee, under what was proven to have been a written contract between them.

The special issues, in substance, inquired of the jury: first, whether the boat had been stolen from the Appellee's wet stall #11 at Seabrook, Texas; second, whether the Appellee's failures—both to keep the street-side door of the building locked and to maintain a proper watchman over it—were, each, negligent and proximate causes of the Appellant's asserted damage; third, whether the Appellant had had notice that the Appellee would not be liable for loss to the boat by fire, theft, or storm; fourth, what the reasonable market value of the boat in Seabrook, Texas, had been, about June 1st, 1950.

The jury answered all such inquiries, "We do," except that as to the value of the boat, which they fixed at $600.

In this Court, Appellant presents some 11 points-of-error, challenging the action so taken below, contending that the court should have, instead, granted him a judgment on the verdict for the $600-value it had placed upon his boat, as and for the damages he claimed to have sustained.

This Court is unable to see eye-to-eye with him in his stated presentments.

On the contrary, in the state of the record, it is determined that the court below entered the only judgment that it could have properly done, upon the showing made. For instance, Appellant contended below, and repeats it here, that the Appellee was shown to have been a warehouseman, within the meaning of our statute upon that subject, Vernon's Texas Civ.St. 1948, Art. 5568, and that he was shown to have been liable thereunder to the Appellant; whereas, the record shows he failed to make any allegations in the trial court of the issuance of a public warehouse receipt by the Appellee, or of any other facts sufficient to constitute him a public warehouseman; hence, under the authority of Kimbell Milling Co. v. Greene, 141 Tex. 84, 170 S.W.2d 191, upon which he himself relies, he did not bring himself under the protection of such warehouse statute.

In the next place, Appellant complains of a number of alleged errors upon the trial court's part, in overruling special exceptions presented by him to the Appellee's pleadings, when there is no order appearing in the record showing that the trial court made the rulings contended for. Obviously, therefore, they present nothing for review here.

Furthermore, the Appellant expressly alleged in his petition that the storage agreement, upon which he declared as his cause-of-action, was oral; whereas, the Appellee, in turn, having first pled through a general denial, that the contract between the parties had not been oral, but was in writing, then set out its specific recitations as such a written instrument, and proved—even by Appellant's admission—that he had signed it. See 10 Tex.Juris., Sec. 294, Page 506.

It is true that the effect of the jury's answers, to say nothing of the sufficiency of the evidence to sustain them, to some of the inquiries so submitted to it was to the effect that the boat had been stolen from its stall, and that the appellee had negligently failed to keep the street-side door of the storage building locked as well likewise to maintain a proper watchman over it; but still these findings became wholly immaterial and did not entitle the Appellant to any kind of recovery against the Appellee, because the written contract between them, which was so found to have been binding upon the Appellant, expressly provided that the Appellee would not be liable for "theft, fire, or damage by storm, or anything beyond the control of said W. M. Muecke."

This contractual provision was binding upon the Appellant, since there was no such gross fraud, misrepresentation, concealment, or other offense alleged and proven against him, as would have relieved him of it.

Furthermore, it is immaterial as to whether or not he actually read the contract in advance, since there was no excuse shown for his not having done so. See 10 Tex.Juris., Page 98, Sec. 57.

There is certainly neither allegation nor proof of any such gross negligence upon the part of the Appellee as would have been sufficient to override this contract provision against his liability; while, he, in his turn, contends in his brief, that the evidence wholly failed to sustain the jury's findings of any negligence in any respect upon his part, in connection with Appellant's claim that there had been negligent theft of the boat while it was so stored with the Appellee, these contentions and cross-contentions upon that subject became immaterial since both parties were bound by the expressed provisions of the contract, expressly relieving the Appellee from liability for theft.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.