**RAMSEY v. POLK COUNTY.**

No. 4887.

Court of Civil Appeals of Texas. Beaumont.
March 19, 1953.

L. H. Welch, Breckenridge, for appellant.

Campbell & Foreman and Robert Willis, Livingston, for appellee.

R. L. MURRAY, Justice.

Polk County is the owner of some school land in Throckmorton County, which, for a number of years prior to 1951, it had leased to one Davis for grazing purposes. During

1950 Davis died and appellant Leo C. Ramsey opened negotiations with the County Judge and other members of the Commissioners' Court of appellee Polk County for a lease to him of the land. It was the custom of Polk County to continue leasing its school lands to its same tenants who had been leasing it in the past and it was the desire of the Commissioners' Court in 1950 to lease the Davis land to the Davis heirs if the Davis heirs desired it. In April or May of 1950 Mr. Ramsey first talked to the County Judge of Polk County in regard to the leases. The County Judge at that time showed him a letter from the Davis heirs saying that they would like to hold possession of the Polk County School lands. Later, on September 25, 1950, Mr. Ramsey appeared before the Commissioners' Court of Polk County, renewing his application to lease the lands which Davis had had under lease in Throckmorton County. He stated to the Commissioners' Court at that time that "he had talked to Junior day before yesterday" and that he knew the Davis heirs did not care to keep the lands. The Commissioners thereupon agreed to lease Ramsey the lands, 1,965½ acres for pasture and 110 acres for farming land, for a consideration of $1,694, payable January 1, 1951, for a term of one year, beginning on that date and passed an order to that effect. Thereafter on October 23, 1950, after the Commissioners' Court of Polk County had been advised by the Davis heirs that they desired to keep the lands, the Commissioners' Court entered an order rescinding their prior action and order to make a lease to Ramsey and later executed a lease to the Davis heirs for the year beginning January 1, 1951.

In May, 1951 Ramsey presented a claim to the Polk County Commissioners' Court for damages. This claim was for $5,450.25. In October, 1951, he filed his suit against Polk County for $13,180.72 as damages suffered by him because of Polk County's action in rescinding their contract with him and failing to allow him possession under the terms of the lease.

The appellee answered and defended on the ground that the County was induced to make the agreement to make the lease to Ramsey only by false and fraudulent representation to it that the Davis heirs no longer desired the land and was justified in the rescission of the contract. The defendant County also had an exception to the pleadings of the plaintiff Ramsey on the ground that the elements of damage sued for in his petition totaling over $13,000 were not the same as the matter presented in his claim made to the Commissioners' Court in the sum of $5,450.25; that, in effect, the plaintiff had not presented any claim to the County for approval or rejection before filing his suit for the damages sued for and therefore his suit should have been dismissed. The trial court did not rule on this exception until after the conclusion of plaintiff's testimony, at which time he overruled it.

The jury found in answer to Special Issues that Ramsey told the Commissioners' Court that the Davis heirs did not desire to renew the lease on the Davis lands; that the Commissioners' Court required him to convince the Court that such heirs did not care to renew the lease; that such representation was untrue and that the appellant knew the same to be false, or that the representations were recklessly made without being the truth; that such representations were made by the appellant with intention that they should be acted on by the Commissioners' Court; that the Commissioners' Court was induced thereby to pass the order authorizing the lease to the appellant. On the jury's verdict the Court entered judgment for the defendant Polk County and Ramsey has perfected his appeal.

The appellant brings his appeal under 16 Points of Error. Points Nos. 3 to 13, inclusive, all relate to complaints about the Court's charge. They contain attacks upon the giving of the various issues and the wording thereof, the failure of the court to define certain words and also the failure of the court to give in its charge various special issues as requested by the appellant. Upon an examination of the transcript, however, we find that the instrument designated "plaintiff's exceptions to the charge of the court" contains all of the so-called objections and exceptions to the trial court's

charge, and this instrument also contains the various special requested charges. It is not signed by the District Judge, however, and contains nothing to show that this instrument was ever presented to the trial court or ever acted upon by him. Rule 272, Texas Rules of Civil Procedure, provides that when objections to the court's charge have been so made and presented, if the court overrules same, he shall endorse his ruling thereon and sign the same officially, and when the same is so endorsed it shall constitute a sufficient bill of exceptions to the ruling of the court thereon. The instrument in the transcript here cannot be considered as a bill of exceptions in the absence of any showing that it was presented to the trial court or was acted on by it. Also, according to Rule 276, Texas Rules of Civil Procedure, a party desiring to request a definition, instruction or special issues, must present them separately to the court and the court shall endorse his rulings thereon. This was not done here. With the record in this condition we cannot consider any of the points raised in regard to the objections to the charge, on the authority of Gowan v. Reimers, Tex.Civ.App., 220 S.W.2d 331.

■ Point No. 1 of the appellant complains of the action of the trial court in sustaining the objection of the appellee to the introduction by him of evidence to show the reasonable cash market value to the appellant of the farm land and the grazing land in question during the year 1951. The appellant had testified as to the profits he would have made from the use of the lands in question had not the contract of lease been canceled, as he put it, and the objection by the appellee was that he could not recover both the reasonable value of the lease and the profits he would have derived from the use of it. We believe the court was correct in sustaining the objection made, but regardless of whether error was committed or not, the point presents nothing for reversal, because under the findings of the court and jury the appellee Polk County had the legal right to rescind its contract with Ramsey and hence he was not entitled to any damages at all. The excluded evidence could have had no bearing on

the case and would not have affected the judgment rendered by the court.

All of the other points of the appellant, Nos. 2, 14, 15 and 16, in various ways challenge the sufficiency of the evidence to support the judgment of the court or the verdict of the jury and contend that the court should have instructed a verdict in favor of the appellant. Since all of these points are concerned with the sufficiency of the evidence, we discuss them together. They are briefed and discussed together by the appellant in his brief.

■ The appellant argues that any statement which he made to the Commissioners' Court in regard to what the Davis heirs hoped to do was not fraudulent because such statement was not a matter of fact but was merely an erroneous prediction as to the future conduct of third parties, namely, the Davis heirs, and was merely an expression of an opinion, that such a statement was not fraudulent as to the Commissioners' Court because the County Judge already had in his possession a letter from one of the Davises saying they wanted to keep the land; that if his statement made to the Court was incorrect, the fact that they had a letter from the Davises saying they wanted to keep the land was sufficient to put the Commissioners' Court on inquiry as to the true facts; and that no legal injury resulted to Polk County since they had rented or leased the lands to him for a larger sum of money than it had previously been leased to Mr. Davis. He further argues that since all of his testimony was uncontroverted and showed that Polk County had made a valid lease contract with him, had breached it without cause and he had testified to the extent of his monetary losses, the trial court should have granted his motion for instructed verdict. He also argues that because of these things and kindred matters the verdict of the jury and the judgment of the court are not supported by and are contrary to the great weight and preponderance of the evidence in the case. We do not agree. We believe that the statement made to the Commissioners' Court by the appellant that the Davises did not then, in September, 1950, want the land, was a state-

ment of a material matter which was the moving cause of the making of the agreement with the appellant to agree to lease him the land. The evidence shows that the various members of the Court questioned him largely about that fact before the order was passed agreeing to lease him the land. His statement that "he had talked to Junior day before yesterday" and that the Davises no longer wanted the land was calculated to and undoubtedly did have the effect of convincing the Commissioners' Court that appellant stated the truth as to the desires of the Davis heirs at that time. This was not a mere statement of opinion but was given to the Commissioners' Court as a statement of fact. It is sometimes difficult to determine whether a given statement is one of opinion or one of fact but as a general rule distinction between fact and an opinion is broadly indicated by the statement that what was susceptible of exact knowledge when the statement was made is usually considered as a matter of fact and representations in regard to matters not susceptible of personal knowledge are generally to be regarded as mere expressions of opinion. See Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S.W. 1034, 258 S.W. 462, 51 A.L.R. 1; 23 Amer.Juris. 784. An executory contract, such as this was at the time of the rescission, can be rescinded upon the ground of fraud and it is not necessary that the complainant show that he has suffered some monetary loss. He can show sufficient ground for rescission of an executory contract on the ground of fraud by a showing that by such fraud he was induced to part with some legal right or was induced to assume some legal liability, which he otherwise would not have done but for the fraudulent representations which induced the making of the contract. See Russell v. Industrial Transportation Co., supra, and cases there cited. The mere fact in this case that Polk County was induced to make a contract with the appellant by which it would have relinquished dominion over its lands in Throckmorton County, even though at a rental price of a few cents more per acre than it had been receiving for the same lands, was a showing of an injury to the county. The appellant is not in position to say that appellee should not have believed his statement but should have investigated for itself.

The verdict of the jury is supported by the evidence and we believe the trial court was correct in entering the judgment which it did on the verdict.

The appellee raises the question of its exception to the pleading of the appellant in the trial court. It took exception to the trial court's order overruling its exception to the pleadings, which exception was that the appellant had neither pleaded nor proved that the matters for which he was suing had ever been presented to the Commissioners' Court as a claim. In its brief the appellee, after giving its statement of the nature and result of the suit, gives in "defendant's points" his Point No. 1 which is as follows: "This cause should be reversed and dismissed because the court errored in overruling defendant's exception to plaintiff's petition because the same did not show that the claim upon which suit was filed was presented to the Commissioners' Court of Polk County, Texas for allowances and that such court had failed or refused to audit the same or any part thereof as provided by Article 1573 of the Revised Civil Statutes of Texas." It is apparent from the examination of the evidence and the pleadings that the appellant did not present to the Commissioners' Court his claim for the items which he sues for. We think this is of little moment, however, in view of the fact that the jury found that the fraudulent representations of the appellant to the Commissioners' Court of Polk County had induced the contract of lease and the Judge of the court and Polk County had the right to rescind the contract. The trial court's ruling on the exceptions had no bearing on the judgment rendered by the court. We do agree with the appellee, however, in his view of the deficiencies of the appellant's pleading in regard to presenting his claim.

We believe the case was properly tried. We have examined the complaints registered by the appellant in regard to the charge of the court and find no merit therein. If the complaints brought by the appellant had been supported by a suffi-

cient bill of exceptions signed by the trial judge we believe that no error was shown in any of the complaints about the charge submitted by the learned trial court. We believe that no reversible error has been shown and the judgment of the trial court is affirmed.