Mamie E. FARRIS et al., Appellants,

v.

Callie Mae MOORE et al., Appellees.

No. 6890.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 6, 1956.

Rehearing Denied Oct. 4, 1956.

Shead & Holt, Longview, for appellants.

Florence, Florence & Garrison, Gilmer, for appellees.

DAVIS, Justice.

This is a suit for reformation of seven partition deeds wherein 64 acres of land situated in the F. E. Pugh and S. F. Sparks Surveys in Harrison County. L. T. and Nora Susan Russell owned the land in their lifetime. L. T. Russell died January 31, 1949. Subsequent to the death of L. T. Russell, Nora Susan Russell and the seven surviving children of L. T. and Nora Susan Russell, joined in three oil, gas and mineral leases to Stanolind Oil Company. Nora Susan Russell died, testate, February 15, 1950. She willed all of her property to her children share and share alike, and provided in her will that the minerals under the property not be partitioned, which was in keeping with the desires of her husband, L. T. Russell, deceased. The will also contained a provision that the property not be sold to persons other than members of the family which was in violation of the rule against perpetuities.

After the death of Mrs. Russell the children decided to partition the property and it was alleged that they agreed to partition the surface only and leave the minerals undivided. The services of an aged attorney were secured and the seven partition deeds were prepared and executed. The deeds did not contain a provision excepting the mineral interest from the partition. Subsequent to the date of the partition deeds, some of the heirs of L. T. and Nora Susan Russell sold their interest in said property, as partitioned, and some of the others sold some minerals in accordance with the partition deeds. An oil well was drilled upon the tract of land partitioned to appellant Mamie E. Farris, and came in as a producing oil well in July, 1953. After the well started producing, the other heirs commenced inquiry as to why they were not receiving any royalty from the well and it was then that they discovered that the deeds did not contain a provision excepting the mineral interest from the partition.

All of the heirs of L. T. and Nora Susan Russell and their assigns, except Mamie E. Farris, subsequent to the date of the partition joined in a suit for reformation of the partition deeds against appellant Mamie E. Farris and husband, A. D. Farris, and defendant Stanolind Oil Company. Stanolind Oil Company was apparently made a party defendant as "a necessary party" and it was stipulated at the commencement of the trial that the oil and gas lease was a valid and binding lease upon all parties regardless of what disposition was made of the case; the lease was not disturbed.

Trial was to a jury which found that the Russell heirs agreed at the time of the execution of the partition deeds that they would partition the surface only of the Russell 64-acre tract of land and that a failure to insert a clause in said partition deeds to the effect that the surface only of said land should be partitioned was the result of a mutual mistake of the Russell heirs. The trial court submitted 10 affirmative defensive issues all of which were answered in favor of appellees. Judgment was entered in favor of appellees upon the jury verdict reforming the partition deeds so as to insert therein an exception of the minerals from the partition and Mamie E. Farris and husband have appealed.

Appellants bring forward 19 points of error. By their points 1, 7, 8

and 9 appellants claim error on the part of the trial court in the court's charge to the jury. The record in this case does not sufficiently reveal that the errors complained of in the brief were presented to and acted upon by the trial court. There is an instrument in the transcript entitled "Defendant's Objections and Exceptions to the Court's charge" which shows to have been signed by one of the attorneys for the appellants and below the signature of the attorney for appellants the word "overruled" appears; then a line for the signature of the judge, but no signature. The only rule, statute, decision or authority cited by appellants in support of the foregoing points is Rule 272, T.R.C.P. Further, the exceptions as appear in the transcript complains of one issue being a comment on the evidence, that another issue did not require the jury to find upon an ultimate fact issue in the case, and another was that special issues Nos. 1 and 2 did not require the jury to find the intention of the parties. The 1st and 8th points overlap and in addition to the claimed comment upon the weight of the evidence in point 8, appellants contend that the judge did not properly charge upon an ultimate issue of fact to be decided by the jury, which was whether or not there was a mutual mistake of the parties in the execution of the partition deeds in question. We have carefully examined the court's charge and the points and find the court's charge to be in proper form, under the pleadings and the evidence, and that the appellants' points on all these issues are without merit, improperly stated, and insufficiently briefed and they are overruled. We will add, further, that the two main special issues in this case are very similar to the two special issues complained of in the case of Pegues v. Dilworth, Com. App., 134 Tex. 169, 132 S.W.2d 582 (opinion adopted by the Supreme Court), and that no error appears in the issues as submitted. Further, appellees challenge all alleged points of error on the theory that if any error is shown that such does not constitute reversible error in view of the provisions of Rule 434, V.A.T.R.C.P., and authorities cited thereunder. With this contention we agree.

By their points 2, 3 and 4 appellants complain of the action of the trial court for refusing to sustain their plea in abatement and motion to dismiss as parties plaintiff some of the Russell heirs and their assigns. Appellants' pleading that was designated in the trial court as "Plea in Abatement and Motion to Dismiss Parties Plaintiff" was not verified as required by Rule 93. Neither do they cite a single rule, statute, decision or authority in support of these points. Further, all parties named as plaintiffs and defendants in the case were necessary parties to the suit as a matter of law. 36 Tex.Jur. 767, Secs. 27 and 28, and authorities cited therein. The points are overruled.

By points 5 and 6 appellants complain of the action of the trial court in the admission of testimony and evidence. The testimony is not pointed out with any certainty as required by Rule 418 and it is not shown whereby the evidence complained of probably caused any injury to appellants. Neither do they cite a single rule, statute, decision or authority in support of the points and they are respectfully overruled.

Points 10, 11, 12, 14, 17, 18 and 19 are without merit and are respectfully overruled.

By point 13 appellants contend that their motion for instructed verdict and motion for judgment non obstante veredicto should have been granted because, they contend, that (1) appellees had not established by clear, convincing and satisfactory evidence that there was a mutual agreement by and between all parties that the minerals of the 64-acre tract in question were not to be divided; (2) the evidence was not sufficient to show a mutuality of mistake in not incorporating any

such agreement in the deeds in question; (3) the evidence was insufficient to show any mutual mistake of fact or law; (4) appellees had not alleged or proved by clear, convincing and satisfactory evidence the exact details that they desired the deeds in question to be reformed; and (5) appellees did not allege and prove the exact clause that plaintiffs claimed to have been omitted by mistake and which they desired the court to reform the deeds by inserting. This point is definitely multifarious but we have considered the same from the standpoint of pleadings, evidence and law and concluded: (1) The pleadings are sufficient; (2) the overwhelming preponderance of the evidence shows a mutual agreement by and between all the parties to partition the surface and leave the minerals undivided under the 64-acre tract of land and such agreement was reached prior to the time of the execution of the deeds sought to be reformed, and in fact remade at the exact time of the execution of the partition deeds, and that the partition deeds were executed by each of the Russell heirs with the intention to partition the surface only and leave the minerals undivided. We conclude that the evidence on all issues of fact pertaining to the agreement prior to and at the time of the execution of the deeds as well as the mutual mistake was proved by clear, convincing and satisfactory evidence as that term was properly defined by the trial court. As a matter of fact, the testimony of appellant Mamie E. Farris only qualifiedly denies the agreement, or the mutual mistake. She only denied the agreement at the time of the execution of the partition deeds. A letter written by her to Stanolind Oil Company subsequent to the date of the partition deeds impeaches that denial. The pleadings and evidence being sufficient the point is overruled.

By their points 15 and 16 appellants contend that appellees were estopped from the relief of reformation because the execution of deeds by some of appellees subsequent to the execution of the partition deeds and ratification. Not a single rule, statute, decision or authority is cited in support of either point 15 or 16. But appellants were not in position to claim either estoppel or ratification because the title acquired by them by the agreement was not and could not be affected by the judgment of the court. McLemore v. Bickerstaff, Tex.Civ.App., 179 S.W. 536, error ref.; 17 Tex.Jur. 128, Sec. 2; 31 C.J.S., Estoppel, § 60, p. 242; Carlile v. Harris, Tex.Civ.App., 38 S.W.2d 622, no writ history. The points are overruled.

The judgment of the trial court is affirmed.