**ELLIS DRILLING CORPORATION,**
Appellant,

v.

W. R. McGUIRE et al., Appellees.

No. 3423.

Court of Civil Appeals of Texas.

Eastland.

Feb. 27, 1959.

Rehearing Denied March 20, 1959.

R. H. Ratliff, Colorado City, for appellant.

Perry Barber, Colorado City, for appellees.

GRISSOM, Chief Justice.

W. R. McGuire and Addie McGuire, a widow, sued D. S. C. Oil Company, a partnership, its members and Ellis Drilling Corporation for damages caused by the escape of salt water from a well drilled on a 120 acre tract owned by W. R. McGuire. Judgment was rendered against all defendants. D. S. C. Oil Company and its members paid one-half of the amount of the judgment and it was released as to them. Ellis Drilling Corporation, alone, has appealed.

In May, 1946, W. R. McGuire and wife executed an oil and gas lease on the northwest one-fourth of Section 9, block 27, T. & P. Railway Company Survey in Mitchell County to R. T. Dockery. Cities Service Oil Company acquired the lease, entered into a farm out agreement with D. S. C. Oil Company wherein it agreed to perform the drilling obligations of the lessee and, in April, 1956, D. S. C. Oil Company employed Ellis Drilling Corporation to drill a well. In drilling said well Ellis struck an air strata and then salt water and salt water escaped and sprayed and ran on the leased land owned by W. R. McGuire and adjacent tracts owned by Mrs. Addie McGuire. Plaintiffs alleged that appellant negligently drilled into salt water and air; that the well blew out and continued to blow for several days and flooded said tracts; that appellant knew, or should have known, that the salt water and air strata were there and, if drilled into, the well would blow out and flood the land and destroy its fertility; that appellant negligently·drilled into same, causing the well to blow out and flood plaintiff's land with salt water; that appellant was negligent in (2) drilling into said salt water and air without first providing adequate means to prevent the well from blowing out; in (3) failing to exercise ordinary care to bring salt water under control after the well blew out; in (4) permitting said salt water to flow on plaintiffs' land for more than six months after the well blew out and in (5) drilling into said salt water and air without first providing adequate means to prevent salt water from escaping. The case was submitted to a jury which found that (1) appellant failed to have adequate means and appliances to prevent salt water from escaping onto plaintiffs' land and that (4) the defendants, by the exercise of ordinary care, could have used the means they did use sooner and thus prevented damage to the land; that appellant's failure to have appliances to prevent salt water from escaping was negligence and that and each of said acts was a proximate cause of plaintiffs' damages. The jury found that 115 acres of grass land and 40 acres of farm land were damaged by the salt water; that damages to the grass land amounted to $2,210, and damages to the farm land amounted to $2,234.

■ Appellant presents several points asserting the court erred in overruling (1) exceptions to plaintiffs' petition, (2) its motion for an instructed verdict and (3) objections to the charge. The record does not show that these matters were presented to the court and acted upon. They, therefore, do not present reversible error and will not be discussed. Texas Rules of Civil Procedure, rule 272; Musick v. Muecke, Tex.Civ.App., 243 S.W.2d 594 (Writ Dis.); Gowan v. Reimers, Tex.Civ. App., 220 S.W.2d 331 (R.N.R.E.); Farris v. Moore, Tex.Civ.App., 293 S.W.2d 683 (R.N.R.E.); 3–A Tex.Jur. 486, 511, 512. It should be noted, however, in deference to

able counsel, that it is probable that all defendants acted together in the defense and the situation of Ellis as the sole appellant was not anticipated.

■ Appellant's eleventh point is that the court erred in refusing to grant a new trial because there was no evidence of the reasonable market value of the land "immediately before the well blew out and immediately after it blew out." It says witnesses testified as to its value immediately before the well blew out and at the time of the trial, about twenty-two months later. Appellees say this point is not included in appellant's motion for a new trial and they treat it as challenging the sufficiency of the evidence to sustain the findings of damages. There was ample evidence of the reasonable market value of the land immediately before it was damaged by salt water that escaped from the well. It is true that the same witness testified, in effect, that, because it was saturated with salt water, some of said land had no market value and other had little value at the time of the trial. The court instructed the jury that in assessing damages to the land it should determine the difference between the value of the land immediately before it was damaged by salt water and immediately thereafter. There was no evidence that the land was otherwise damaged, nor that the loss or reduction in value testified to was caused in any degree by a decrease in the value of such land for any other reason. There was no objection to testimony of the value of the land at the time of the trial because the proper inquiry was what was its value immediately after salt water got on the land. There was evidence that, although the flow of water was stopped after several days, it escaped again and salt water continued to run on plaintiffs' lands for six months. Plaintiffs alleged the market value of the land before it was saturated with salt water and thereafter and sought to recover the difference as their damages. Under this situation we do not see how the jury could have been misled. We think there was sufficient evidence to sustain findings of the

value of the pasture and grass land immediately before and immediately after it was damaged by salt water escaping from the well drilled by appellant. We conclude that reversible error is not shown.

■ Appellant's fourteenth point is that the court erred in refusing to set aside the judgment and grant a new trial because Mrs. Addie McGuire was permitted to maintain the suit and recover damages with reference to the tract on which the well was drilled although she had no interest therein. W. R. McGuire and his mother, Mrs. Addie McGuire, a widow, alleged they owned the different tracts damaged by salt water in fee simple and that W. R. McGuire and wife executed an oil and gas lease on the 120 acre tract on which the well was drilled. It was undisputed that W. R. McGuire owned said tract and that his mother had no interest therein and that Mrs. McGuire owned the adjoining tracts. It is evident that each could have maintained an independent suit for damages to his particular tract, but, such suits could have been consolidated. The jury should have fixed the amount of damages to each separately and the judgment should have been in accord therewith. But, the jury simply fixed the amount of damages to the grass land and the farm land, separately, regardless of ownership, and judgment was rendered for the aggregate for the plaintiffs jointly. Appellant would have been required to pay the same amount of money in any event. There was no contest asserting misjoinder of parties or causes of action. The judgment is res judicata as to both plaintiffs. It does not appear that appellant was injured thereby.

■ Appellant contends the court erred in not submitting issues to the effect that D. S. C. and Ellis were in possession of the surface under said lease and owned the dominant estate and that in drilling said well they had the right to use as much of the surface as was necessary to carry out the purposes of the lease. This is not a proper matter to be included in an issue but,

under some circumstances, might constitute a correct instruction. Although said companies did have the right to use as much of the surface and to use it in such manner as was reasonably necessary to effectuate the purpose of the lease they did not have the right to negligently destroy plaintiffs' land. Appellant also says the court erred in not submitting an issue wherein the jury could have found the number of acres necessarily used by defendants in drilling said well and that the damage to same should be deducted from the damages found by the jury. No judgment was rendered because defendants used more land than was necessary. The judgment is based solely on findings that defendants negligently let salt water escape and injure, or destroy, land owned by plaintiffs. What has just been said is applicable to and disposes of points 16 and 17. Rule 279 and Rule 94 do not require submission of an affirmative defense not pleaded nor requested in writing.

We have considered all points properly presented. We find no error which probably caused the rendition of an improper judgment. The judgment is affirmed.