Mike ABRAHAM, Appellant,

v.

PREWITT PRINTING COMPANY, Appellee.

No. 3686.

Court of Civil Appeals of Texas.

Waco.

Dec. 2, 1959.

Rehearing Denied Dec. 31, 1959.

Turner, White, Atwood, McLane & Francis, Snowden M. Leftwich, Jr., Dallas, for appellant.

Waller M. Collie, Jr., Dallas, for appellee.

WILSON, Justice.

Appellee's action against appellant is on a verified account. Jury verdict resulted in judgment for appellee.

Social Security Society, a corporation, contracted with a printing broker to supply a large quantity of pamphlets, forms and stationery. The broker engaged appellee to do the work. After $1,500 of the work had been completed or was in progress, the broker notified appellee he was going out of business and moving his residence. He suggested appellee take over his contract. Appellee had looked only to the broker for payment, and before proceeding with the work desired approval by Social Security Society. Appellee, having been informed by the president of Social Security Society that the corporation "didn't have a dime", testified he wanted assurance before making further expenditure for material and labor as to who was to pay for the work. For this purpose he was referred by the president to appellant, who was a corporate officer in Social Security Society.

Appellee and the broker testified they asked appellant, Abraham, to "O.K. changing printers in the middle of the stream", which he did; and Abraham agreed to pay for the printing. They asked, "Who is going to pay the bill?" He said, "I am going to pay the bill." Abraham paid for the printing work then completed and in progress, with his personal check for $1,500. The evidence established he had paid other bills of the corporation over an extended period with his personal checks. He testified, "Q. And during this period, Social Security Society's expenses and bills were getting paid with the personal checks of Mike Abraham? A. Who else would pay them?"

Two issues were submitted and answered: (1) "Do you find from a preponderance of the evidence that Mike Abraham agreed to personally pay Prewitt

Printing Co. for the printed material involved herein? Answer, Yes." (2) "Do you find from a preponderance of the evidence that Mike Abraham agreed to pay Prewitt Printing Co. only in the event payment was not received from Social Security Society? Answer, No."

Appellant says these issues and answers were insufficient to support the judgment because there are no findings as to who "created, incurred .or purchased" the printing or the account; nor as to whether appellant was acting in the capacity of a corporate officer. As to the first complaint, no objection to the charge on this ground was made. The question of who purchased the printing was not in issue. As to the second ground, the issue was fairly submitted by inquiring whether appellee "agreed personally". Appellant's requested issues were included in his objections to the charge and were requested en masse. There is no order or showing of presentation to, or action by the court on the objections as required by Rule 272, Texas Rules of Civil Procedure.

The second special issue submitted an affirmative defense pleaded by appellant. His testimony did not raise his pleaded issue, or the issue that he agreed to pay only as a corporate officer. He categorically denied any conversation relating to the question of who would pay for the work. He testified that after the work was done and invoices had been presented, "I said if Social Security Society didn't pay it, as an officer of the company, I would see he got his money." Points relating to the charge are overruled. Rule 279, Texas Rules of Civil Procedure; Gowan v. Reimers, Tex.Civ. App., 220 S.W.2d 331, writ ref. n. r. e.; Ellis Drilling Corp. v. McGuire, Tex.Civ. App., 321 S.W.2d 911, writ ref. n. r. e.

It is claimed that because appellee billed and delivered the material to Social Security Society, and because the monthly statements and invoices were directed to this corporation, appellee is estopped to assert liability against appellant. The broker did not do printing work. He took his orders to various printers and "purchased production." Appellee dealt with him—not with the customer—in many such instances. When the broker engaged appellee to do the work involved here, the account was set up on its books in the broker's name with a sub-heading of Social Security Society. When the broker withdrew, appellee merely deleted his name from the account and continued the same billing practice, "carrying the account in the same name because it was the same job." Appellant's points overlook the fact that the corporation was the customer. This and appellant's other points are overruled. Browning v. El Paso Lumber Co., Tex.Civ.App., 140 S.W. 386; Liebman v. Buell Lumber & Mfg. Co., Tex. Civ.App., 67 S.W.2d 1043.

Affirmed.