**BITUMINOUS CASUALTY CORPORATION, Appellant,**

v.

**Albert JORDAN, Appellee.**

No. 3950.

Court of Civil Appeals of Texas.

Waco.

Nov. 9, 1961.

· L. W. Anderson, Dallas, for appellant.

Jimmy Morris, Dawson & Dawson, Corsicana, for appellee.

WILSON, Justice.

The workmen's compensation carrier appeals from judgment for permanent partial incapacity rendered on a jury verdict. Appellant does not attack the findings as to incapacity. It says the jury findings as to wage and wage earning capacity differential and good cause for delay in filing claim are not supported by the evidence, and it complains of admission of evidence and refusal of a requested instruction.

On the good cause issues the jury found appellant's adjuster represented to appellee "that he would take care of everything about his claim", and appellee failed to sooner file his claim in reliance on the representation, which constituted good cause for such failure. Appellee, a minor, was injured on September 9, 1958. He was hospitalized nineteen days, after which appellant's adjuster called on him, stating it would be necessary for certain forms to be completed in order that he receive compensation. Claimant's evidence was that the adjuster assisted in filling out the forms and said "all things would be taken care of by me" and "we'll treat you right." Appellee testified he believed the adjuster

"when he said that he would do everything necessary to process" his claim, and he believed everything necessary had been done because he immediately began receiving compensation, which continued for eleven weeks. The adjuster continued to negotiate with him for settlement, saying his claim "was more than verified." He went to a plastic surgeon in Dallas at the adjuster's request, and the adjuster arranged for an operation, set for the Christmas holidays, 1959. Appellee received no further notice concerning the operation, although he went to the adjuster's office during the holidays and made inquiry. He testified settlement negotiations continued, although he did not converse with the adjuster after September, 1959. Appellee thereafter entered college, reaching his majority in February, 1960.

Appellee's father testified the adjuster told claimant he would "take care of all papers" so claimant could get his compensation and would "file all claims that was necessary with the Industrial Accident Board." He testified he continued to negotiate with the adjuster with claimant's knowledge until February or March, 1960, when an attorney was employed. The attorney ascertained no claim had been filed. On cross-examination, appellant elicited that the adjuster told the father, "I'll take care of filing the claim with the Industrial Accident Board;" told him and the claimant he had filed it, and explained delay by saying, "they were waiting on" the board. He testified the adjuster visited him while claimant was in school, "trying to settle the claim". The evidence shows the attorney filed the claim with reasonable promptness. The adjuster denied making any representation that he would file the claim, and testified he last talked to claimant in November, 1959, saying he was "trying to evaluate the claim" for settlement purposes. He discussed plastic surgery with claimant, "thinking in terms of being of what service we could to him, getting a claim adjustment at the same time, and a claim adjustment at the same time, and

we were needing something there, an estimated medical, hospital and loss of time". The company selected the plastic surgeon.

We have reviewed the evidence and in our opinion the findings complained of concerning good cause are supported.

■■■ Error is assigned to admission of appellee's testimony, offered for the limited purpose of showing the statement was made, that the plastic surgeon selected by appellant "prescribed plastic surgery". Appellant objected to the answer as being hearsay. No reversible error is reflected for several reasons: Appellant made no motion to strike, the question having been answered before objection. Pressley v. Smith, Tex.Civ.App., 288 S.W.2d 893, 896 and authorities cited; 3 Tex.Jur. 2d Sec. 122, p. 392. We believe evidence that the statement was made by a surgeon of appellant's selection was admissible to show a course of dealing on the issue of good cause, and claimant's mental state. Appellant's adjuster testified the plastic surgeon sent him a report suggesting plastic surgery. Admission of this evidence over objection is not assigned as error. Evidence was admitted without objection as to the adjuster's failure to notify claimant concerning the planned operation, and failure of appellant to "go through with the operation". The court, at appellant's request, instructed the jury that the adjuster's testimony as to discussions with claimant concerning plastic surgery was not to be considered on the question of whether claimant needed plastic surgery, but for the purpose of showing his dealings with claimant. Appellant's counsel inquired of claimant's father if he "wasn't familiar with the fact" that the plastic surgeon "stated that it wasn't necessary for him to have plastic surgery?" The point is overruled.

■■ Complaint is made of admission of claimant's testimony and the opinion of a medical witness that in his condition claimant could not perform manual labor. As

we understand it, appellant contends that notwithstanding appellee was injured while engaged in manual labor, he was being trained professionally as a musical director at the time of trial, and evidence of inability to do manual labor was not admissible. The point is overruled. Texas Employers' Ins. Ass'n v. Long, Tex.Civ. App., 180 S.W.2d 629, 632; 2 McCormick & Ray, Evidence (2d ed.), Sec. 1427; 45 Tex.Jur. 590.

■ Refusal to submit a requested definition of total incapacity is assigned. The request is embodied in appellant's objections to the charge, and there is no showing these were acted on by the court as required by Rule 272; and there is no endorsement or other order as required by Rule 276, Texas Rules of Civil Procedure. The assignment does not show error. Ellis Drilling Co. v. McGuire, Tex.Civ.App., 321 S.W.2d 911, writ ref. n. r. e.; Abraham v. Prewitt Printing Co., Tex.Civ.App., 330 S. W.2d 254; McCorstin v. Mayfield, Tex. Civ.App., 274 S.W.2d 874; Cantrell v. Garrett, Tex.Civ.App., 342 S.W.2d 466; Gowan v. Reimers, Tex.Civ.App., 220 S.W.2d 331, writ ref. n. r. e.; Ramsey v. Polk County, Tex.Civ.App., 256 S.W.2d 425; Sunset Motor Lines v. Blasingame, Tex.Civ.App., 245 S.W.2d 288. The definition of total incapacity given in the court's charge was adequate. Texas Employers' Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000.

■ The jury found the difference between appellee's stipulated average weekly wage of $60.00 and his average weekly wage earning capacity during partial incapacity to be $32.50. It is urged the finding is not supported by the evidence. After his injury, claimant entered college and obtained Sunday employment as a church musical director at a weekly salary of $27.50. This, and other evidence in the record, supports the verdict. Appellant's other points have been considered and are overruled.

Affirmed.