EDWARD G. MICHAEL, D/B/A MICHAEL'S GOLD FASHIONS v. BOBBY GREENE, D/B/A SEMOR CREATIONS, D/B/A VEREDE GOLD LTD. AND SEMOR CREATIONS, INC.

No. 8226SC778

(Filed 6 September 1983)

1. **Courts § 21.6— fraud and unfair trade practices—what law governs**

    The law of Texas governed an action for fraud and unfair trade practices in the sale of gold jewelry to plaintiff where the alleged misrepresentations by defendant were made in Texas; plaintiff decided to go into the jewelry business and placed his first order with defendant while in that state; and all orders were filled in Texas with the jewelry being delivered from Texas to North Carolina.

2. **Unfair Competition § 1— unfair trade practices—inapplicability of statutes to Texas transaction**

    The statutes relating to unfair trade practices, G.S. Ch. 75, have no application to Texas transactions.

3. **Fraud § 12— opinion or puffing—insufficient basis for action for fraud**

    Applying Texas law, defendant's statements to plaintiff that he had "unbelievable connections," that he would sell gold jewelry to plaintiff at a "very, very low percentage" over his cost, and that plaintiff could not buy gold

jewelry from anyone else in the country for less than defendant would sell to him were merely statments of opinion or puffing which could not constitute a basis for an action for fraud.

APPEAL by plaintiff from *Lewis, Judge.* Judgment entered 9 March 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 May 1983.

This is a civil action wherein plaintiff seeks to recover from the defendants for the sale of gold jewelry by defendants to plaintiff. The plaintiff alleged he is entitled to damages for fraud and unfair trade practices under Chapter 75 of the General Statutes. Plaintiff's action for damages was consolidated with an action brought by Semor Creations, Inc. in which it seeks to collect money due for merchandise delivered to plaintiff for which payment was not made. A partial summary judgment was entered in the action brought by Semor Creations, Inc. in its favor in the amount of $30,106.66. Counsel in the present action stipulated that the partial summary judgment was subject only to set-off by a verdict in Michael's favor on his fraud or unfair trade practices claim.

Plaintiff testified that in November 1979 he traveled to defendant Bobby Greene's residence in Dallas, Texas at Greene's request to discuss the possibility of plaintiff's entry into the gold jewelry business. Plaintiff, who knew nothing about the jewelry business at that time, was told that Greene was doing very well in this line of business. A major reason given for Greene's success was that he had "unbelievable" connections from whom he bought the jewelry. Greene allegedly stated that if plaintiff was interested in investing in the jewelry business, Greene would sell jewelry to him at a very, very low percentage over his costs. Greene further stated that plaintiff could buy gold jewelry from him for less than he could anywhere else in the country. Subsequently, plaintiff made several large purchases of gold jewelry from defendants and opened a retail jewelry business in Charlotte, North Carolina. In July 1980 the plaintiff attended a major jewelry show in Atlanta, Georgia at which he purchased some jewelry similar to the jewelry he had been buying from defendants. After comparing the prices charged by defendants with the prices charged at the Atlanta show, plaintiff concluded he had been "drastically overcharged" by defendants in the amount of $26,945.31.

John Rist, who was found by the court to be an expert jeweler, examined samples of the merchandise sold by defendants to plaintiff, and testified that in his opinion, defendants had charged plaintiff $20,000.00 above the average wholesale price for comparable gold chains and $5,000.00 above the average wholesale price for comparable gold charms.

At the conclusion of plaintiff's evidence, the court directed a verdict in favor of defendants and entered judgment in favor of defendant Semor Creations, Inc. in the amount of $30,106.66. Plaintiff appealed.

*Tucker, Hicks, Sentelle, Moon and Hodge, by Travis W. Moon and John E. Hodge, Jr., for plaintiff appellant.*

*Fairley, Hamrick, Monteith and Cobb, by Laurence A. Cobb and F. Lane Williamson, for defendant appellees.*

WEBB, Judge.

[1] The first question raised by this appeal is whether the rights of plaintiff are governed by the law of North Carolina or the law of Texas. The evidence indicates that the relationship between the parties was created and is centered in Texas. The discussions between the parties concerning the possibility of plaintiff's entry into the jewelry business took place in Texas. The alleged misrepresentations which are the basis for the plaintiff's fraud action were made by Greene while in Texas. Plaintiff decided to go into the jewelry business and placed his first order with defendant while in that state. All the orders were filled in Texas with the jewelry being delivered from Texas to North Carolina. We believe that Texas is the state with the most significant relationship to the transaction between the parties. We hold the transaction is governed by Texas law. *See Lowe's North Wilkesboro Hardware v. Fidelity Life Ins. Co.*, 319 F. 2d 469 (4th Cir. 1963) and *Santana, Inc. v. Levi Strauss & Co.*, 674 F. 2d 269 (4th Cir. 1982).

[2] Chapter 75 of the General Statutes has no application to Texas transactions and the claim brought pursuant to this chapter was properly dismissed.

[3]   The only aspect of plaintiff's action which we need to discuss is his fraud claim. The elements of actionable fraud in Texas are as follows:

> "(1) that a material representation was made; (2) that it was false; (3) that when the speaker made it, he knew it was false, or made it recklessly without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; and (6) that the party thereby suffered injury."

*Wilson v. Jones*, 45 S.W. 2d 572, 574 (Tex. Comm. App. 1932); *Trenholm v. Ratcliff*, 646 S.W. 2d 927 (Texas 1983).

Plaintiff argues that all of the required elements for fraud are present in this action. We disagree. Plaintiff contends the statements made by defendant Greene at their meeting in Texas in November 1979 were material misrepresentations. We believe Greene's statements were either statements of his opinion, or puffing.

It is a well-settled rule that a representation which is expressed and understood as nothing more than a statement of opinion, or which cannot be reasonably understood to be anything else, cannot constitute fraud and form a basis for recovery. *See Wilson*, 45 S.W. 2d at 574; 37 Am. Jur. 2d *Fraud and Deceit* § 45 (1968). The Texas courts have stated:

> "It is sometimes difficult to determine whether a given statement is one of opinion or one of fact but as a general rule distinction between fact and an opinion is broadly indicated by the statement that what was susceptible of exact knowledge when the statement was made is usually considered as a matter of fact and representations in regard to matters not susceptible of personal knowledge are generally to be regarded as mere expressions of opinion."

*Ramsey v. Polk County*, 256 S.W. 2d 425, 428 (Tex. Civ. App. 1953).

Clearly, Greene's statements that he had "unbelievable" connections, and that he would sell to plaintiff at a "very, very low percentage" over his costs were merely statements of opinion.

Greene's statement that plaintiff could not buy gold jewelry from anyone else in the country for less than Greene would sell it to him is also an opinion or mere puffing. Applying the test set out in *Ramsey*, we find that it was probably impossible for Greene to have had personal, exact knowledge of the prices at which everyone else in the country would sell jewelry to buyers in plaintiff's position.

If plaintiff did interpret Greene's statements as misrepresentations rather than as opinions or puffing, he was unreasonable in doing so. Furthermore, plaintiff was in no way prevented from taking the precautionary step of comparing prices before deciding to buy from defendants. It has been held that "[a party complaining of fraud] . . . must not have failed to exercise reasonable care to protect himself—in other words, in a 'caveat emptor' situation he must not have shut his eyes and ears to matters equally open and available to him upon reasonable inquiry and investigation." *Moore & Moore Drilling Co. v. White*, 345 S.W. 2d 550, 555 (Tex. Civ. App. 1961). Because plaintiff failed to present evidence of all the necessary elements for fraud, a directed verdict for defendants was proper. As a verdict in plaintiff's favor has not been rendered, plaintiff does not have a right to a set-off of any amount against the partial summary judgment entered for Semor Creations, Inc.

The judgment of the trial court is

Affirmed.

Judges ARNOLD and BRASWELL concur.