856 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Henry M. GORDON, Plaintiff-Appellee,
v.
NATIONAL BUSINESS CONSULTANTS, INC., Defendant-Appellant,
and
Robert Namer, Defendant.
 No. 87-2676.
 United States Court of Appeals, Fourth Circuit.
 Argued June 8, 1988.
Decided Aug. 19, 1988.
 
 John Wesley Lunsford for appellant.
 Eugene Bedford Cannon, Sr., for appellee.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant National Business Consultants, Inc. (NBC) appeals a judgment finding it conducted unfair trade practices and awarding plaintiff Henry M. Gordon $19,426.56. Finding no merit in NBC's arguments, we affirm.
 
 I.
 
 2
 On October 16, 1984, Mr. Gordon observed an advertisement in a North Carolina newspaper placed by NBC, a Louisiana corporation. The ad was soliciting for "associate consultants." Gordon responded by telephoning corporate president Robert Namer, who identified himself as Robert Behar.
 
 
 3
 At trial, Gordon testified that Namer made numerous false representations, namely that there was plenty of consulting work in the Carolinas and that NBC would assist Gordon if he decided to join NBC. Gordon agreed to join, attended NBC's one-week training program in Louisiana, and paid NBC $5,000.
 
 
 4
 Upon his return from training, Gordon received none of the promised work orders or leads from NBC. He incurred expenses for various promotions and advertising campaigns.
 
 
 5
 Gordon filed suit alleging fraud and unfair trade practices pursuant to N.C.Gen.Stat. Sec. 75-1.1. The jury awarded him $6,475.52 in actual damages. Pursuant to N.C.Gen.Stat. Sec. 75-16, the trial court trebled the damages and entered a judgment against NBC for $19,426.56. NBC appeals.
 
 II.
 
 6
 NBC first challenges the jurisdiction of the court pursuant to 28 U.S.C. Sec. 1332. To invoke diversity jurisdiction, the amount in controversy alleged by a plaintiff must exceed $10,000. Gordon's claim for fraud sought recovery for only the $5,000 paid for his training and $1,803.47 in miscellaneous expenses. However, his unfair trade practices claim under Sec. 75-1.1 alleged treble damages, or approximately $19,500. Exemplary or punitive damages may be included in determining whether a plaintiff has satisfied the amount in controversy requirement. 14A Wright, Miller & Cooper, Federal Practice and Procedure, Sec. 3702 at 44 (1985). Thus, because of North Carolina's treble damages provision, Gordon meets the amount in controversy requirement.[1]
 
 III.
 
 7
 Addressing the merits, NBC maintains that Gordon failed to show that NBC had misrepresented itself or that Gordon had relied on any alleged misrepresentations. This court must uphold the jury's verdict if there was sufficient evidence upon which the jury could reasonably return its verdict. Mays v. Pioneer Lumber Corp., 502 F.2d 106, 107 (4th Cir.1974), cert. denied, 420 U.S. 927, 95 S.Ct. 1125, 43 L.Ed.2d 398 (1975). We agree that many of the alleged false statements, such as promises of administrative assistance, were made after Gordon had paid NBC $5,000. These statements would support Gordon's recovery of his $1,475.52 in expenses, which were incurred after his trip to Louisiana. However, they are not a basis for recovering the $5,000 training costs which he incurred before NBC made these statements, as there was no reliance.
 
 
 8
 Nevertheless, Gordon did testify that, prior to signing a contract and paying NBC $5,000, Mr. Namer, the corporate president, assured him that he would be "given leads and assignments by National Business Consultants when [he] was accepted and completed the training." App. 203. The evidence at trial indicated that these representations were false and served to induce Gordon to pay the training fee. Gordon and two other duped "consultants," Mr. Culberson and Mr. Freeman, testified that promises of assistance were never kept, and all three men stated that these representations convinced them to join NBC and pay the costs of the training program. Thus, the $5,000 portion of Gordon's claim is supported by sufficient evidence.
 
 IV.
 
 9
 In summary, this tort action is controlled by North Carolina law and consequently satisfies the amount in controversy requirements of Sec. 1332. Sufficient evidence was presented at trial to support the jury's verdict. The judgment below is
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 NBC responds that Louisiana, not North Carolina, law controls. Pursuant to La.R.S. 51:1409, defendants must be given notice by the Director of Consumer Protection Division or by the attorney general that their methods are suspect. Only subsequent offenses are actionable. NBC received no such notice before Gordon's claim. Therefore, if Louisiana law applies, Gordon's claim does not survive
 Sitting in diversity, this court must follow the choice of law rule of the forum state, here, North Carolina. Santana, Inc. v. Levi Strauss and Co., 674 F.2d 269, 274 (4th Cir.1982). The North Carolina Supreme Court has never addressed which analysis, the lex loci delicti (tort situs) or the "most significant relationship," applies in tortious claims such as the one at bar.
 We need not decide this issue because under either test, North Carolina law applies. First, North Carolina was the situs of the tort. Gordon was injured in North Carolina, for there he received the misrepresentation by phone, mailed the $5,000 check, and incurred his out-of-pocket expenses. Second, using the most significant relationship analysis, North Carolina predominates. Several factors are considered under this test such as the situs of the misrepresentation, the domiciles of the parties, and the situs of performance. See Santana infra; Andrew Jackson Sales v. Bi-Lo Stores, Inc., 68 N.C.App. 222, 314 S.E.2d 797 (1984); Michael v. Greene, 63 N.C.App. 713, 306 S.E.2d 144 (1983). The first two factors are balanced between the states. The last one falls squarely in North Carolina, for Gordon was expressly assigned to cover the territory of North Carolina, not Louisiana. Therefore, under either analysis, North Carolina law governs.