**GOWAN et ux. v. REIMERS.**

No. 15015.

Court of Civil Appeals of Texas. Fort Worth.

April 8, 1949.

Rehearing Denied May 13, 1949.

332

J. Carroll McConnell, of Fort Worth, for appellants.

J. Rob Griffin; Martin Moore & Brewster and Leo Brewster, all of Fort Worth, for appellee.

SPEER, Justice.

Appellants, G. G. Gowan and wife, have appealed this case upon an affidavit of inability to pay costs or to give security therefor, from an adverse judgment entered on a jury verdict in a district court of Tarrant County, Texas.

The controversies between, the parties are highly complicated as evidenced by the large transcript which contains many of the lengthy pleadings of the parties, some of which were amended as many as four times. We also have before us a narrative statement of facts containing 350 pages and the respective briefs are lengthy, each hotly contesting every inch of the ground attempted to be covered. Nothing is conceded by either party. We find that in some instances we must extend the "liberality" enjoined by Rule 422, Texas Rules of Civil Procedure, almost to the breaking point to observe some matters brought forward.

The material phases of the case are exemplified by the following general summary of the pleadings; we can scarcely expect all parties to agree that our statement is full enough from their respective points of view.

In February, 1947 appellee Mrs. Ray Saunders Reimers, individually and as independent executrix of the estate of her deceased husband, C. D. Reimers, instituted this suit against appellants, G. G. Gowan and wife, in the 17th District Court of Tarrant County, Texas under Cause No. 52521-A, and by a first amended petition filed in April, 1947 sought recovery by trespass to try title to two described tracts of land containing 190 and 40.6 acres in Tarrant County, Texas. Allegations were made concerning extensive improvements that had been made on the larger tract for purposes of operating a cheese factory and that appellants were in possession of said premises and refused to surrender the same and that they were claiming that the improvements thereon were placed there by them; that the 40.6 acre tract was purchased by appellants with funds belonging to the said C. D. Reimers, deceased, and deed was taken in the name of appellants with a resulting or express trust that said land should belong to said C. D. Reimers, that in view of the controversy a receiver was necessary. Further allegations were made that appellee had been forced to pay two certain notes aggregating approximately $11,000 which were the obligations of appellants and that said C. D. Reimers, deceased, had endorsed them as an accommodation to appellants. She prayed for a receiver to be appointed, title to the two tracts of land and judgment for the amounts paid on the notes.

In November, 1947 G. G. Gowan filed a suit against appellee in the capacity above stated in the 67th District Court of Tarrant County, Texas under Cause No. 53809-A, alleging that in 1939 he and C. D. Reimers, deceased, verbally entered into a copartnership agreement for the manufacture of cheese and dairy products and that C. D. Reimers, deceased, had furnished certain funds for use in said business as against appellant's labor and skill as per their said contract; that during the period the cheese plant was so operated they became closely associated and were mutually warm friends, that in consequence thereof appellant G. G. Gowan by his exemplary conduct and business integrity established a line of credit with certain named banks to the extent of approximately $75,000; that said partnership also engaged in other enterprises, such as mining interests in Texas and Colorado. That during May of 1946 appellee wantonly, maliciously and falsely advised the Trinity State Bank of Fort Worth that appellant was a crook and that he had by fraud and deception procured from her husband, the said C. D. Reimers, deceased, large sums of money. Similar charges were made concerning statement of appellee's agent made with her knowledge, consent and acquiescence. That said wrongful acts occasioned appellant the loss of his good name and credit, to his damage in various and sundry amounts, the aggregate of which we are unable to state with accuracy. The pleader's sum total is given at $1,098,500 actual damages, and prayer was for that amount plus $1,000,000 exemplary damages.

After the 67th District Court had transferred Cause No. 53809-A to the 17th District Court, appellee filed a motion on May 26, 1948 in the 17th District Court to have said causes consolidated. Appellants resisted the consolidation by a lengthy document filed on May 28, 1948, in which they pointed out many reasons why that case should not be consolidated with Cause No. 52521-A but should be tried separately.

On June 21, 1948 the court heard all parties on the motion and the contest and entered his order of consolidation. There is nothing in the order or elsewhere in the record indicating that appellants excepted to the court's order of consolidation.

On April 22, 1948 appellants filed their third amended answer in the 17th District Court in Cause No. 52521-A but after the order of consolidation appellants filed their fourth amended answer and cross action on June 25, 1948, which last amendment had the legal effect of superseding all previous answers and was the answer upon which trial was had. The answer is a highly complicated document containing what the pleader denominated six counts, each of which is many times subdivided into numbered sections, with prayer attached thereto referable to that particular count. As best we can interpret the pleading there are allegations of large items claimed to have been advanced by appellants in connection with the cheese manufacturing business which it is claimed were due by C. D. Reimers, deceased, under the original verbal contract of partnership; there are other large items asserted as advancements by appellants for the benefit of C. D. Reimers, deceased, in connection with his private oil and mining business, for all of which appellants claimed reimbursement against the appellee executrix. There is what we construe to be a cross action seeking to recover title to the 190 acre tract held in the name of C. D. Reimers, deceased, under the claim of a trust in that it was paid for with appellants' money; there are special denials of any trust relation in the matter of the 40.6 acre tract standing in appellants' name. The answer further reflected a cross action to recover against appellee damages to appellant's good name, reputation and business standing in large sums. It is charged "that growing out of said partnership organized for the purpose of production of cheese said C. D. Reimers (deceased) and G. G. Gowan became well acquainted with each other and built up and established a profitable acquaintanceship and credit at the Trinity State Bank of Fort Worth." Further allegations are made of appellant's activities in the business in Colorado and a valuable line of credit there; that appellee acting through her agent, whose acts were fully authorized and acquiesced in by her, falsely, wantonly and maliciously

made statements about appellant which had the effect of ruining appellant's good name and high business standing for honesty and integrity, resulting to his great damage totaling $512,500 actual damages. Prayer in this connection was for recovery of said actual damages and for exemplary damages in an equal amount. This answer and cross action is much more elaborate than our summary would indicate.

Appellee filed fifty or more special exceptions to each of the third and fourth amended answers and cross actions but nowhere in the record do we find that any such exceptions were called to the attention of the court or acted upon by him. Trial was to a jury on special issues. All issues were answered in favor of appellee and against appellants. Judgment was entered upon the verdict and matters recited in the judgment to have been established without dispute and as matters of law resulting therefrom. Hence this appeal.

At the beginning of this discussion we are confronted with objections by appellee to a consideration of appellants' points of error one to eleven inclusive, because it is claimed there are no assignments of error in the amended motion for new trial upon which to predicate them. An intelligible explanation of the situation upon which the objections are predicated would not prove helpful as a precedent, to say nothing of the space required. We will consider the points.

█ Appellants' first point of error complains of the action of the trial court in consolidating the two cases Nos. 52521-A and 53809-A. As we have already pointed out, no exception was reserved to the action of the court complained of. The pleadings in both cases clearly reveal that the parties were the same. True, appellant Mrs. Gowan was not named as a plaintiff in Cause No. 53809-A but that being a suit by the husband to recover community property she was in the eyes of the law as truly a party as if so named. Martin v. Burcham, Tex.Civ.App., 203 S.W.2d 807. The record is replete with indisputable facts that each of the suits had its genesis in the purported relationship between appellants and C. D. Reimers, deceased, whose estate is represented by the appellee. Hence it follows that both actions involved questions of law and facts common to both suits then pending in the 17th District Court. Rule 174, T. R. C. P., provides, among other things: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions." This rule has been construed by our courts as giving the trial court a broad discretion in determining such questions. Wilson et al. v. Ammann & Jordan, Tex.Civ.App., 163 S.W.2d 660, writ dismissed; MacDonald et al. v. Follett et al, Tex.Civ.App., 193 S.W.2d 287, writ refused. Generally when a court's given discretion has been exercised it will not be reviewed except when it is made to appear that there was an abuse of that discretion resulting in injury to the complaining party. Pena v. Baker, Tex.Civ.App., 207 S.W. 426, writ refused. It is quite apparent to us that the two cases should have been consolidated as was done and that there was no abuse of discretion by the trial court in doing so.

Second, third and fifth points of assigned error fall within the same general procedural category and may be discussed together. These points in effect assign error, because: (2) and (3) the trial court sustained appellee's special exceptions to designated parts of appellants' third and fourth amended answers and cross actions; and (5) the trial court erroneously overruled appellants' "motions" for continuance.

█ These points must be overruled for several reasons. Appellants have not complied with Rule 418, T.R.C.P., which requires a brief to contain "a fair, condensed statement of the facts pertinent to such points, with references to the pages in the record where the same may be found." We have diligently searched the transcript furnished us and we do not find any order of the court in which any action was taken by the court on the special exceptions asserted to have been sustained nor is there any order of the court relating in any way to appellants' motions for a continuance. The function of a point of error is to call attention to some act of the court complained of as constituting error. The

burden is upon the appellant to show that the record supports his contention made, and to indicate with certainty that part of the record supporting it. May v. Consolidated Underwriters, Tex.Civ.App., 170 S. W.2d 295, writ refused, w. m. We cannot take cognizance of any purported act of the court not disclosed by the record. George v. Senter, Tex.Civ.App., 194 S.W 2d 290, writ refused, n. r. e. It is the responsibility of an appellant to make a written application to the clerk for the transcript directing what it shall contain, and from this application or direction transcript is complied and furnished to the appellant. Rule 376, T.R.C.P. It is the settled rule in this state that the appellate court will consider only matters disclosed by the record furnished. The burden is upon the appellant to so furnish to the reviewing court a record which affirmatively discloses the errors complained of, and that they are of such a nature as to injure him. 3 Tex.Jur. 424, sec. 302. The points claimed as error present nothing for our consideration.

■ Fourth point complains because the court refused to permit appellants to introduce testimony concerning damages sustained because of the disparaging statements of appellee at a time more than one year prior to the institution of suit. There is a semblance of complying with Rule 418, supra, in connection with this point since in the statement following the "point" this is said: "as shown by the supplemental statement of facts and the record." We find stapled to the cover page of the narrative statement of facts two unnumbered sheets which appear to be a Q. and A. transcript of the reporter's notes on the tender of testimony, the objections and the court's rulings thereon. Appellants had plead in what their counsel sometimes referred to as their fourth amended answer and cross action for "slander" that appellee had made certain detailed derogatory statements to named persons concerning appellant G. G. Gowan, which said statements were false and had the effect of greatly damaging appellant's good name and credit in the State of Colorado. Appellee had plead the one year limitation statute Article 5524, R.C.S., against the allegation of slander by appellee in May of 1946. By reference to the two unnumbered sheets clipped to the narrative statement of facts above referred to, we find the only basis in the record for the point of error under discussion. Appellants' counsel apparently had before him a deposition previously given by appellant and said in substance to G. G. Gowan while a witness in his own behalf: "You testified by deposition that you had a conversation with Mrs. Reimers (appellee) over the telephone concerning certain remarks that had been made about you, did you have such a conversation with her?" He answered affirmatively. Appellee objected upon the grounds that the question and answer were irrelevant and immaterial to any issue in the case and further, the conversation inquired about referred to a transaction in May, 1946; other grounds were mentioned also. Appellants' counsel in reply to an inquiry by the court said that the statement of appellee's counsel was true. Whereupon the court sustained the objection. Appellants' counsel requested and procured consent of the court to later introduce his testimony in the absence of the jury showing what it would have been in order to perfect his bill of exception. There is nothing in the record to show that a bill of exception was ever perfected in the manner requested and granted. It will be noted by the question asked and objected to it was substantially if appellant had had a conversation on the telephone with appellee, "concerning certain remarks that had been made about you," meaning appellant G. G. Gowan. There was nothing in the inquiry as to anything appellee may have said about appellant, unless it could be inferred because of this controversy. In the absence of any further facts developed by way of showing what the appellant would have testified to if permitted by the court, we are not in a position to determine nor will we attempt to decide that the testimony would have developed facts which were actionable in their nature. Nor does the record disclose what was in the deposition referred to by counsel, except by the question asked. We cannot sustain an asserted error under such circumstances.

Sixth point covers a page in the brief and is too long to set out here. As we understand it, complaint is made because the court at one time during the trial sustained an objection to certain testimony of appellant G. G. Gowan as to transactions had with C. D. Reimers, deceased, whose estate was being represented by appellee, and at a later date during the trial the court withdrew his ruling and permitted appellant to testify to such matters; but it is argued in the point that such rulings broke the continuity and sequence of appellants' testimony in such a way as to destroy its effectiveness before the jury.

■ Much speculation as to the effect such changed rulings of the court may have had on the jury is presented by both parties in their briefs. Again we observe that appellants make no effort to point out to us in what part of the record the offending actions of the court may be found. We are not required to read 350 pages of a narrative statement of facts to ascertain which of the contending parties is correct. It is quite apparent that a narrative statement of facts, such as that required by law to be furnished in a case like this, would not disclose objections made, ruling thereon and other colloquies happening during the trial. Appellants admit they got the testimony before the jury but argue that it did not have the effect it would have had if admitted when first offered. We are not inclined to determine whether it would have been more effective if admitted early in the trial than late where it naturally would have been fresher in the minds of the jury when deliberations on the verdict began. We see no error worthy of a reversal.

Seventh and eighth points are presented together. They are substantially: (7) Because the court erred in overruling appellants' "objection" to the charge; and (8) because the court erred in refusing to submit appellants' requested special issues. Reference is made to a supplemental transcript which, by order on a motion filed, was permitted by this court. We turn to that supplemental transcript and find that the foregoing captioned "Objection to the court's charge" reads: "Because the court refused to submit the issues raised by the seventh count of defendants (appellants) answer and cross action, which begins on page 15 and ends on page 22 of said answer and cross action as found in defendants fourth amended answer and cross action; that there was an abundance of evidence raising said issues and the same defendants were entitled to have submitted."

On the same sheet embodying the above "objection" we find a request for the submission of a "definition of agency" therein set out, followed by thirteen special issues requested to be given. This omnibus document containing an objection to the court's charge, definitions and requested issues bears no endorsement or other notation indicating that it was ever presented to the court or acted upon by him as provided by Rules 272 and 276, T.R.C.P.

Referable to objections to the court's charge, it is provided by Rule 272, supra, that such objections shall be in writing and presented to the court for his determination of whether or not they are well taken; and if the court overrules same he shall endorse his ruling thereon and sign the same officially. Under the provisions of Rule 276, supra, if a party desires to request definitions or special issues they shall be in writing timely presented to the court who shall note his ruling thereon, such as "Refused," "Given," or "Modified and Given," as the case may be. Walton v. West Texas Utilities Co., Tex.Civ.App., 161 S.W. 2d 518, writ refused, n.r.e.; Dakan v. Humphreys, Tex.Civ.App., 190 S.W.2d 371.

■■ We have already indicated that the document does not appear to have ever been presented to the court and acted upon by him but even if it had been with all of said objections, definitions and thirteen requested special issues written on one sheet en masse as was this instrument, the court would have been compelled to refuse them. Edwards et al. v. Gifford, 137 Tex. 559, 155 S.W.2d 786.

Points nine, ten and eleven complain of the judgment entered in which appellee was awarded title to the 40.6 acre tract of land, because it is claimed to be without support in and contrary to the verdict of the jury, and that the court should have sus-

tained appellants' motion to declare a mistrial on account of the conflict between the answers to special issues 11 and 12. Again we mention that there is no order of the court shown in the record that any action was taken by the court on the motion to declare a mistrial, but we pass that for the moment.

Special issue No. 11 and its answer read: "Do you find from the preponderance of the evidence that funds belonging to C. D. Reimers (deceased) were used by the defendant (appellant) Gowan for the purchase of the 40.6 acre farm in question?" The answer was "Yes."

Then followed, "If you have answered the preceding question in the negative you need not answer this question, but if you have answered same in the affirmative, then answer: 12. Do you find from the preponderance of the evidence that the defendant Gowan took the title to the 40.6 acre tract in question in his own name to be held in trust for C. D. Reimers?" The answer was "No." Judgment was entered for appellee on July 21, 1948. Appellants filed a motion next day after judgment for the court to declare a mistrial because of the conflict in the answers to the two quoted issues. On the same day appellants filed their motion for new trial.

We do not think there was an irreconcilable conflict in the two answers when the language used is properly interpreted. The affirmative answer to special issue No. 11 necessarily resulted, as a matter of law, in a trust in favor of Reimers whose money was used in the purchase, as against appellants or any other person in whose name the legal title and conveyance was taken. Mauritz v. Bell, Tex.Civ.App., 81 S.W.2d 730, writ refused. Thus whether or not "Gowan took the title * * * in his own name to be held in trust for C. D. Reimers" ceased to be a matter of fact for the jury to determine, but became one of law for the court. The trial court so treated the answer to special issue No. 12, stating it in his judgment in these words: "The jury in answer to Special Issue No. 11 found that defendant Gowan used money belonging to C. D. Reimers in the purchase of the 40.6 acre farm in question, herein-

after described, and the court concludes, as a matter of law, that defendant Gowan took title in his name and holds title to the 40.6 acres in trust for Estate of C. D. Reimers; and that said 40.6 acres hereinafter described is the property of Estate of C. D. Reimers." The special issue No. 12 should not have been submitted conditioned as it was, calling upon the jury to determine a question of law, and although submitted and answered, it was not binding upon the court whose duty it was to pass upon questions of law. Byrne v. Williams, Tex.Civ. App., 45 S.W.2d 336, writ refused. We see no reversible error in the points raised.

Twelfth and final point of error complains because the court overruled appellants' motion for new trial based upon newly discovered evidence.

Motions of this character have perplexed the courts ever since early Statehood. They are said to be received with careful scrutiny and are held to address themselves largely to the discretion of the trial court under the facts of each particular case and that if the court has overruled the application it will not be reviewed in the absence of a showing of abuse of that discretion. Mitchell v. Bass, 26 Tex. 372. Nothing seems better settled in this state than the above announced rule. 31 Tex. Jur. 91, sec. 82 et seq. The requisites and equities involved in such motions are many; they embrace, among other things, diligence in learning of and procuring the testimony, its materiality, its probable truth, whether or not the result of the trial would have been different if the testimony had been introduced, and the probability of procuring it at a subsequent trial. 31 Tex.Jur. 90, sec. 81. Usually these matters become questions of fact for the court to determine and it has been held that diligence to procure the testimony has not been exercised if the same diligence which procured it subsequent to trial would have had the same result if exercised prior thereto. Id. Sec. 85. If the trial court in this case found any fact against the contention of appellants on either of the above requisite elements his overruling the motion presented no error. The order overruling the motion contains no fact findings and we must presume that

the court found the facts in such way as to support his judgment and decree.

The motion is too long to repeat here, and to mention parts of it and omit others would not present a complete picture of the situation. We have carefully studied the whole motion, and with the material parts of this whole record in mind, as the trial court must have had it, we can see plausible reasons why he could have properly overruled the motion. We see nothing in the record evincing an abuse of the discretion vested in the court.

A study of this record forces us to the conclusion that no reversible error is presented. It is therefore our order that the judgment of the trial court should be and it is affirmed.