Randy S. NUBY and Lone Star Housing, Inc., Appellants,

v.

**ALLIED BANKERS LIFE INSURANCE COMPANY and Commodore Life Insurance Company, Appellees.**

No. 3–89–174–CV.

Court of Appeals of Texas, Austin.

Oct. 10, 1990.

W. Michael Murray, Cackowski & Murray, Austin, for appellants.

Thomas S. Brandon, Jr., Gandy, Michener, Swindle, Whitaker & Pratt, Fort Worth, for appellees.

Before POWERS, JONES and SMITH,* JJ.

PER CURIAM.

This appeal concerns the failure of appellants to file a timely statement of points to be relied on when they requested a partial statement of facts.

Randy S. Nuby and Lone Star Housing, Inc. sued Allied Bankers Life Insurance Company and Commodore Life Insurance Company separately for breach of contract for failure to pay full commissions for the sale of credit life insurance. After consolidation of the actions against Allied and Commodore, Nuby and Lone Star amended their petition to allege a civil conspiracy between Allied and Commodore. Allied and Commodore counterclaimed against Nuby and Lone Star for failure to return unearned insurance commissions. The district court rendered judgment based on a jury verdict for Allied and Commodore on their counterclaim. We deny Nuby and Lone Star's postsubmission request to supplement the statement of facts, deny Commodore's request for damages, and affirm the judgment of the district court.

This action arose out of the sale of credit life insurance in conjunction with the purchase and financing of mobile homes. Lone Star and Nuby, a principal shareholder of Lone Star, were in the business of mobile home retail sales. As a part of this business, Lone Star financed the mobile home sales and sold most of the retail financing agreements to third party lenders. Nuby, as agent for various insurance companies including Commodore and Allied, sold credit life insurance to insure payment of the outstanding balance of the purchase price of the mobile homes in the

event of the purchaser's death. Nuby assigned all of his commissions on credit life insurance sales to Lone Star.

Nuby and Lone Star maintain that they were entitled to a forty-five percent commission on insurance sales from Commodore and its successor, Allied, instead of the twenty-five percent commission that was actually paid. Nuby and Lone Star also claim that Nuby was entitled to receive the unearned premiums Allied refunded to the lender which ultimately provided financing for the mobile homes.[1] That lender was Commodore Financial Corporation, which has since assigned its financing agreements to Oxford Financial Corporation. Allied and Commodore counterclaimed against Nuby and Lone Star for unearned commissions.

■ Nuby and Lone Star appeal with fourteen points of error. Point of error one is directed at the district court's alleged error in overruling Nuby and Lone Star's motion for summary judgment. We overrule point of error one because we cannot review a trial court's action in overruling a motion for summary judgment in a case when a final judgment has been rendered after a trial on the merits. *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex.1966); *In re Renteria*, 624 S.W.2d 353, 354 (Tex.App.1981, no writ).

■ Points of error two through thirteen all allege that Nuby and Lone Star were entitled to judgment as a matter of law, or in the alternative, that the evidence is factually insufficient. In addition, point of error fourteen alleges that the district court erred in granting judgment for Allied and Commodore because: (1) Allied and Commodore had no duty to refund Nuby's unearned commissions to Commodore Financial or Oxford; (2) Nuby and Lone Star had no duty to indemnify Allied or Commodore for unearned commissions that Allied and Commodore refunded to Commodore

---

* Before Earl W. Smith, Justice (Retired) Third Court of Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003 (1988).

1. Unearned premiums and unearned commissions result when the insurance policy is can-

celed before the debt is repaid or when the property that is the subject of the debt is foreclosed on and repossessed.

Financial or Oxford; and (3) there was no basis for the district court to find Nuby and Lone Star jointly and severally liable for Nuby's alleged failure to refund the unearned commissions. Nuby and Lone Star cannot prevail on these points, however, because they requested a partial statement of facts and failed to file a timely statement of points to be relied on as required by Rule 53(d). Tex.R.App.P.Ann. 53(d) (Supp.1990).

Rule 53(d) states that if a statement of points to be relied on is filed, "there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal." The supreme court has recently held that a court of appeals cannot properly find reversible error when the court does not have a complete record of the case before it and the appellant has not complied with Rule 53(d). *Christiansen v. Prezelski*, 782 S.W.2d 842, 842 (Tex.1990). From the record before us, Nuby and Lone Star have failed to comply with Rule 53(d) by not timely filing a statement of points to be relied on.

The transcript shows that Nuby and Lone Star served their "Request for Preparation of Statement of Facts and Designation of Matter to be Included and Omitted" on July 18, 1989, and that the request was filed on July 19, 1989. Commodore filed a response on July 31, 1989, pointing out Nuby and Lone Star's failure to file a statement of points, and Allied filed a similar response on August 2, 1989. The district court's docket sheet shows that a "Statement of Points to be Relied Upon for Appeal" was filed on August 4, 1989, but this statement of points is not in the transcript and, thus, not a part of the record before this court.

We cannot consider items that are not a part of the record on appeal. *Gowan v. Reimers*, 220 S.W.2d 331, 336 (Tex.Civ. App.1949, writ ref'd n.r.e.); *see* Tex.R.App. P.Ann. 50(a) (Supp.1990). In their postsubmission brief Nuby and Lone Star state that they do not understand why the state-

ment of points was not included in the transcript since Rule 51(a) requires the clerk of the trial court to include any notice of limitation of appeal in the transcript. Tex.R.App.P.Ann. 51(a) (Supp.1990). This argument lacks merit as Rule 51(a) by its own terms refers to "any notice of limitation of appeal in civil cases *made pursuant to Rule 40.*" (Emphasis added.) This case does not involve a limitation of appeal pursuant to Rule 40. Nuby and Lone Star also claim that they were not aware that the statement of points was not included in the transcript until this issue was briefed postsubmission at the request of the court. However, Commodore raised the issue of Nuby and Lone Star's failure to include the statement of points in the transcript six months earlier in its reply brief. Nuby and Lone Star had notice from their opponents over five months before oral submission that a crucial document was not in the record and they failed to request that the record be amended by any of the methods described in Rule 55(b). Tex.R.App.P.Ann. 55(b) (Supp.1990).

■ Nuby and Lone Star request in their postsubmission brief that this court exercise its power under Rule 55(c) to allow a supplemental transcript to be prepared.[2] We deny this request for two reasons. First, although the rules do give the court discretion to allow supplementation of the record after submission, such discretion should not be exercised absent unusual circumstances. *Jackson v. S.P. Leasing Corp.*, 774 S.W.2d 673, 677 (Tex.App.1989, writ denied); *Elkins v. Auto Recovery Bureau*, 649 S.W.2d 73, 76 (Tex.App.1983, writ ref'd n.r.e.). Nuby and Lone Star have shown no circumstances to explain their failure to request that the statement of points be included in the transcript other than their mistaken reliance on Rule 51(a). Second, even if Nuby and Lone Star were to demonstrate that unusual circumstances did indeed exist to warrant supplementation of the transcript, they failed to file the statement of points on time. Allowing the transcript to be supplemented under these

**2.** Nuby and Lone Star's request should have been in the form of a motion, but this does not affect our disposition of their request. *See* Tex. R.App.P.Ann. 19 (Supp.1990).

circumstances would not serve any practical purpose.

Allied and Commodore had ten days after service of Nuby and Lone Star's request for preparation of the statement of facts to request the official reporter to include additional portions of the evidence in the statement of facts. Tex.R.App.P. Ann. 53(b), (d) (Supp.1990). As they pointed out in their responses to the request for preparation of the statement of facts, Allied and Commodore were unable to ascertain whether additional portions of the statement of facts were necessary because no statement of points was included. Nuby and Lone Star's statement of points was filed on August 4, 1989, six days after Allied and Commodore's deadline under Rule 53(b). Finally, the record does not reflect that Nuby or Lone Star requested a motion for extension of time pursuant to Rule 73 to allow late filing of the statement of points. Tex.R.App.P.Ann. 73 (Supp. 1990).

Rule 55(c) does not give this court the power to cure Nuby and Lone Star's failure to file a timely statement of points to be relied on. Rule 53(d) states that if "appellant requests or prepares a partial statement of facts, he *shall include in his request or proposal* a statement of the points to be relied on." (Emphasis added.) The presumptions of Rule 53(d) are of such magnitude that strict compliance with the rule is necessary in order to activate those presumptions. *Dresser Industries, Inc. v. Forscan Corp.,* 641 S.W.2d 311, 315 (Tex. App.1982, no writ) (discussing Tex.R.Civ.P. 377(d) (1985), since repealed). Nuby and Lone Star could have requested an extension of time under Rule 73 to excuse their failure to file a timely statement of points, but failed to do so. They have neither complied with the rule nor included the documents in the record to demonstrate compliance. Consistent with the supreme court's decision in *Christiansen,* we overrule points of error two through fourteen. *Christiansen,* 782 S.W.2d 842.

Finally, Commodore requests that we determine that Nuby and Lone Star's appeal was taken for delay and without sufficient cause, and award damages to Allied and Commodore pursuant to Rule 84. Tex.R. App.P.Ann. 84 (Supp.1990). While the outcome of this appeal has been determined by Nuby and Lone Star's failure to comply with appellate procedure, we decline to determine that the appeal was taken for delay and without sufficient cause. Commodore's request for damages is denied.

The judgment of the district court is affirmed.