Reed v. State of Texas Dep't of Licensing & Regulation 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-088-CV





ROBERT E. REED, SR.,



 APPELLANT


vs.





STATE OF TEXAS DEPARTMENT OF LICENSING AND REGULATION,



 APPELLEE



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT,



NO. C90-10A, HONORABLE JAMES R. MEYERS, JUDGE



 




PER CURIAM

 The issue in this cause is whether a statutory conflict
exists between the judicial review provisions of the Administrative
Procedure and Texas Register Act (APTRA) and the act regulating
auctioneers (the licensing act). Tex. Rev. Civ. Stat. Ann. arts.
6252-13a, 8700 (Supp. 1991). The Texas Department of Licensing and
Regulation suspended appellant Robert E. Reed's auctioneering
license on December 8, 1989, after a formal hearing. Reed did not
file a motion for rehearing with the Department as required by
APTRA, but instead sought judicial review from the district court
of Comal County. The district court dismissed Reed's appeal for
want of jurisdiction because no motion for rehearing was filed. We
hold that no conflict exists between APTRA and the licensing act,
and will affirm the judgment of the trial court.

 Reed contends that a 1977 amendment to section 7(f) of
the licensing act conflicts with the general requirement in section
16(e) of APTRA that a motion for rehearing is a prerequisite for an
appeal. (1) In support of his contention, Reed points out that the
amended licensing act in section 7(e) states that a hearing to
deny, suspend, or revoke a license must be held in a manner
consistent with APTRA, but no provision exists stating that
judicial review must be consistent with APTRA. We find this
argument unpersuasive.

 In interpreting a statute, a court must diligently
attempt to ascertain legislative intent and consider at all times
the old law, the evil, and the remedy. Tex. Gov't Code Ann.
§ 312.005 (1988). In the construction of an act, a court should
consider all laws in pari materia, that is to say, all laws related
to the subject of the act and the general system of legislation of
which the act forms a part. The court's objective is to ascertain
the consistent purpose of the legislature in the enactment of laws
and to carry out the legislative intent by giving effect to all
laws bearing on the same subject, even if the laws were enacted at
different sessions of the legislature. Wintermann v. McDonald, 102
S.W.2d 167, 171 (Tex. 1937).

 Section 1 of APTRA declares that it is "the public policy
of this state to afford minimum standards of uniform practice and
procedure for state agencies . . . and to restate the law of
judicial review of agency action." The intent of the legislature
in enacting APTRA is clear, and the amendment of section 7(f) of
the licensing act did not expressly repeal the application of APTRA
to the Department.

 When there is no positive repugnance between the
provisions of old and new statutes and no express repeal of the old
statute, the old and new statutes must be construed to give effect,
if possible, to both statutes. Wintermann, 102 S.W.2d at 171. We
have examined both statutes and determined that they are not
mutually repugnant, and accordingly, we hold that no conflict
exists between APTRA and the amended licensing act.

 Our holding is supported by the Department's construction
of the statutes. When the meaning of a statutory provision is
unclear, in doubt, or ambiguous, the interpretation placed upon the
provision by the agency is entitled to weight. Although not bound
by the agency construction of a statute, we should give deference
to the statutory interpretation of the agency administering the
statute. (2)

 The Texas Department of Labor and Standards issued rules
for auctioneers on January 2, 1976, which specified that "a motion
for rehearing is a prerequisite to an appeal." (3) (4) Tex. Dep't of
Labor & Stds., Rule 063.44.01.021(c) (1976) [16 Tex. Admin. Code
§ 67.21(c), since repealed] (not published in Texas Register); see
also Tex. Dep't of Labor & Stds., Rule 063.44.01.023 (1976) [16
Tex. Admin. Code § 67.23, since repealed] ("Exhaustion of
administrative remedies as described in §§67.21.-67.22 of this
title . . . are a prerequisite to judicial appeal from any
determination made under the act.") (not published in Texas
Register). Reed, however, argues that the promulgation of former
section 67.21(c) constituted an ultra vires action by the
Department because sections 7 and 9 of the amended licensing act
limit the Department's authority to issue rules relating to the
licensing process and the conduct of formal administrative
hearings. We disagree.

 Section 9 of the licensing act has not been amended since
former section 67.21(c) of the auctioneering rules was adopted. (5) 
Section 7, however, was amended in 1977. 1977 Tex. Gen. Laws,
ch. 314, sec. 1, § 7, at 842. The original provisions of section
7, in effect at the time section 67.21(c) of the auctioneering
rules was adopted, did not contain any specific reference to APTRA
or to the manner of appealing the commissioner's decision. 1975
Tex. Gen. Laws, ch. 320, § 7, at 829. There is nothing in either
section 9 or former section 7 of the licensing act that prohibited
the Department from promulgating former section 67.21(c) pursuant
to section 4(a) of APTRA, which provides for agency rulemaking.

 We must presume that the legislature was aware of former
section 67.21(c) when it amended section 7 of the licensing act in
1977. Once a statute is given a particular interpretation, a court
is entitled to assume that the legislature has indicated its
approval of the interpretation by failing to amend the statute. 
Direlco, Inc. v. Bullock, 711 S.W.2d 360, 363 (Tex. App. 1986, writ
ref'd n.r.e.), cited with approval in Robinson v. Central Texas
MHMR Center, 780 S.W.2d 169, 170 n.4 (Tex. 1989); e.g., State v.
Aransas Dock & Channel Co., 365 S.W.2d 220, 224 (Tex. Civ. App.
1963, writ ref'd) ("Where an Act of the Legislature is ambiguous,
the Courts are inclined to follow the administrative construction
of the Act over a long period of time by the officials charged with
its administration."). We detect nothing in the language of the
amendatory act or its legislative history to indicate that the
legislature intended to overrule former section 67.21(c).

 It is a longstanding rule that failure to file a motion
for rehearing required by statute or rule of procedure defeats
jurisdiction of the appellate court. E.g., Commercial Life Ins.
Co. v. Texas State Bd. of Ins., 774 S.W.2d 650, 651 (Tex. 1989);
Knodel v. Equitable Life Ins. Co., 221 S.W. 941, 942 (Tex. Comm.
App. 1920, jdgmt adopted); see APTRA § 16(e) ("a motion for
rehearing is a prerequisite to an appeal"). Although the amended
licensing act is not a model of clarity, both section 16(e) of
APTRA and former section 67.21(c) of the Administrative Code
required Reed to file a motion for rehearing. Reed's point of
error is overruled.

 In his brief Reed states two additional reasons why the
district court erred in dismissing his appeal. He first contends
that the Department's hearing examiner mislead him to believe that
no prerequisites existed to an appeal from the order suspending his
license. He claims that the Department has waived its right to
rely on his failure to file a motion for rehearing and that the
Department is estopped from asserting lack of jurisdiction. We
cannot consider these claims, regardless of their merit, because a
statement of facts has not been filed. The burden is on the
appellant to see that a sufficient record is presented to show
error requiring reversal, and it is the appellant's duty to cause
the statement of facts to be filed with the clerk of the court of
appeals. Tex. R. App. P. Ann. 50(d), 53(k) (Supp. 1991). We
cannot consider an item that is not a part of the record on appeal. 
Nuby v. Allied Bankers Life Ins. Co., 797 S.W.2d 396, 398 (Tex.
App. 1990, no writ); Gowan v. Reimers, 220 S.W.2d 331, 336 (Tex.
Civ. App. 1949, writ ref'd n.r.e.); Tex. R. App. P. Ann. 50(a)
(Supp. 1991).

 Finally, Reed claims that if this Court affirms the
judgment of the district court, he will be left with no remedy to
challenge the deprivation of his property interest in his
auctioneering license. See U.S. Const. amend. XIV, § 1; Tex.
Const. Ann. art. I, § 19 (1984). He may well be correct. We are
not aware of any federal or state constitutional guarantees that
would resurrect the pre-existing remedies Reed has waived, nor has
he provided authority for this proposition. In any event, Reed has
not raised his constitutional challenges by points of error, and we
need not consider them.


 The district court's judgment dismissing the cause for
want of jurisdiction is affirmed.




[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed: July 3, 1991

[Publish]
1. 

 [1] Section 7(f) of the licensing act provides the following:


 If, after a hearing, the commissioner
determines that a license should be denied,
revoked, or suspended, the applicant or
licensee has 30 days in which to appeal the
commissioner's decision to the district court
of Travis County or of the county in which the
violation is alleged to have occurred.

1977 Tex. Gen. Laws, ch. 314, sec. 1, § 7(f), at 843.
2. It is no longer the law that the construction of a statute
by the official charged with its administration should be sustained
unless clearly erroneous. See Yoakum County v. Slaughter, 195 S.W.
1129, 1135 (Tex. 1917); Tolleson v. Rogan, 73 S.W. 520, 524 (Tex.
1903); Calvert v. Humble Oil & Refining Co., 404 S.W.2d 147, 151
(Tex. Civ. App. 1966), rev'd, 414 S.W.2d 172, 180 (Tex. 1967). The
supreme court currently requires only that weight be given to
agency construction of statutes. E.g., Calvert v. Kadane, 427
S.W.2d 605, 608 (Tex. 1968); Slocomb v. Cameron Indep. School
Dist., 288 S.W. 1064, 1066 (Tex. 1926). If, however, the
legislature reenacts without substantial change a statute of
doubtful construction that has been previously construed by an
agency charged with its execution, a court should ordinarily give
the statute the same construction previously given by the agency. 
Humble Oil & Refining Co. v. Calvert, 414 S.W.2d 172, 180 (Tex.
1967); Stanford v. Butler, 181 S.W.2d 269, 273-74 (Tex. 1944).
3. In 1989 the legislature changed the name of the Texas
Department of Labor and Standards to the Texas Department of
Licensing and Regulation. 1989 Tex. Gen. Laws, ch. 1039, § 6.03,
at 4231.
4. The Department of Licensing and Regulation has adopted
current rules relating to the administrative sanctions that may be
enforced against a person regulated by the department:


 (h) If an administrative hearing is held,
and the person wishes to dispute the
administrative sanctions imposed, not later
than the 30th day after the date on which the
decision is final as provided by the
Administrative Procedure and Texas Register
Act, §16(c), the person charged shall file a
petition for judicial review contesting the
fact of the violation and/or the
administrative sanction. Judicial review is
subject to the substantial evidence rule and
shall be instituted by filing a petition with
a Travis County district court as provided by
the Administrative Procedure and Texas
Register Act, §19.

 (i) A motion for a rehearing is a
prerequisite for an appeal.


16 Tex. Admin. Code § 67.90(h), (i) (Supp. 1991) (citations
omitted); see Tex. Rev. Civ. Stat. Ann. art. 9100, § 17(d) (Supp.
1991). The 1989 act provides that section 17 administrative
penalties apply only to violations that occur after the effective
date of the licensing act, September 1, 1989, so the current rules
do not apply to this appeal. 1989 Tex. Gen. Laws, ch. 1039,
§§ 6.06, .11, at 4231-32.
5. Section 9 of the licensing act provides the following:


 The commissioner may make reasonable rules and
regulations relating to the form and manner of
filing applications for licenses, the
issuance, denial, suspension, and revocation
of licenses, and the conduct of hearings
consistent with the provisions of The
Administrative Procedures Act. . . .


Tex. Rev. Civ. Stat. Ann. art. 8700, § 9 (Supp. 1991).