IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-449-CV





TEXAS WORKERS COMPENSATION COMMISSION,



 APPELLANT


vs.





THE TEXAS ASSOCIATION OF NURSE ANESTHETISTS, INC.;


E. DIANNE LEHMAN, R. N., CRNA; EDDIE R. DUNLAP, CRNA; AND


RONALD COTTON, CRNA, BSN,




 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 91-10359, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 





PER CURIAM



 Appellant Texas Workers Compensation Commission seeks to appeal from an order
granting a temporary injunction issued by the district court of Travis County on August 29, 1991. (1) 
See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Supp. 1991). We will dismiss the appeal for
want of jurisdiction.

 The Commission filed its notice of appeal on September 19, 1991, beyond the
twenty-day period set out in Tex. R. App. P. Ann. 42 (Pamph. 1991). The Commission asserted
that its attorney first acquired knowledge of the order on September 19, 1991; and, therefore, the
notice of appeal was timely. See Tex. R. App. P. Ann. 5(b)(4) (Pamph. 1991). By our order of
October 30, 1991, this Court directed the Commission to obtain an order from the trial court with
a finding as to the date the Commission or its attorney first received notice or acquired
knowledge of the signing of the order. Tex. R. App. P. Ann. 5(b)(5) (Pamph. 1991). We further
directed the Commission to file a supplemental transcript, containing such order, in this Court no
later than November 27, 1991.

 On November 4, 1991, the Commission filed a motion for leave to supplement the
record with copies of: (1) a motion to extend the court's plenary power to modify temporary
injunction order; (2) a notice of hearing; (3) an order of the district court signed on October 25,
1991, granting the motion to extend; and (4) a nunc pro tunc order. Copies of these documents
were attached to the motion as exhibits. This Court granted the motion on November 7, 1991,
with a notation that, pursuant to our order of October 30, 1991, the Commission was to file a
supplemental transcript on or before November 27, 1991.

 To date, the Commission has not filed the supplemental transcript as ordered. The
copy of the district court order that was attached to the November 4th motion and includes a
finding as to the date the Commission or its attorney first acquired knowledge of the judgment is
not properly part of the record before this Court. We cannot consider items that are not part of
the record on appeal. Nuby v. Allied Bankers Life Ins. Co., 797 S.W.2d 396, 398 (Tex. App.
1990, no writ); Gowan v. Reimers, 220 S.W.2d 331, 336 (Tex. Civ. App. 1949, writ ref'd
n.r.e.). Based on the record before this Court, (2) we conclude that we are without jurisdiction over
the appeal because the Commission filed its notice of appeal untimely. Cellular Marketing, Inc.
v. Houston Cellular Tel. Co., 784 S.W.2d 734, 735 (Tex. App. 1990, no writ); Tober v. Turner
of Texas, Inc., 668 S.W.2d 831, 833-34 (Tex. App. 1984, no writ); see generally Davies v.
Massey, 561 S.W.2d 799 (Tex. 1978).

 The appeal is dismissed for want of jurisdiction.


[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Appeal Dismissed

Filed: December 11, 1991

[Do Not Publish]

1. [1] Appellees are The Texas Association of Nurse Anesthetists, Inc.; E. Dianne Lehman, R.
N., CRNA; Eddie R. Dunlap, CRNA; and Ronald Cotton, CRNA, BSN.
2. [2] We note that Tex. Gov't Code Ann. § 22.220(c) (1988) allows an appellate court to
"ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction." In this
instance, Rule 5(b)(4) and (5) specify the procedure when the date of acquiring knowledge of the
signing of an order is at issue.