Hartsfield v. Texas State Bd. of Dental Examiners 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-248-CV





DON R. HARTSFIELD, DDS,



 APPELLANT


vs.





TEXAS STATE BOARD OF DENTAL EXAMINERS,



 APPELLEE



 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT,


NO. 427,932, HONORABLE JERRY DELLANA, JUDGE


 




PER CURIAM

 This is a suit for judicial review of the final order of an administrative agency under
the Administrative Procedure and Texas Register Act, Tex. Rev. Civ. Stat. Ann. art. 6252-13a
(Supp. 1991) [hereinafter APTRA]. The Texas State Board of Dental Examiners, appellee,
suspended appellant Don R. Hartsfield's dental license for three years, with all but sixty days
probated, for allegedly allowing an unlicensed dental assistant to take impressions of a patient's
teeth to fit dentures. See Tex. Rev. Civ. Stat. Ann. arts. 4548h, 4549 (Supp. 1991). Appellant
sued in the district court, which affirmed the Board's judgment. In six points of error, appellant
contends that he was denied due process and that the Board's judgment is not supported by
substantial evidence. By cross-point, the Board contends that the district-court judgment must be
affirmed because appellant has failed to file a statement of facts. We will affirm the judgment of
the district court.

 We will first dispose of appellant's supplemental point of error in which he
contends that he is entitled to a new trial unless he and the Board agree on a statement of facts
because the court reporter has lost the statement of facts from the district court. This point is
without merit. There is nothing in the record to show that appellant timely requested the
statement of facts from the court reporter. See Tex. R. App. P. Ann. 50(e), 53(a) (Pamph. 1991). 
Appellant's supplemental point of error is overruled.

 The cause was submitted in this Court without a statement of facts. At the Court's
request, appellant filed a supplemental transcript containing an order from the district court to
transmit the original exhibit of the agency record to this Court. See Tex. R. App. P. Ann. 51(d)
(Pamph. 1991). In response, the Board neither argued that appellant failed to offer the agency
record into evidence in the district court, nor that the district court failed to receive the agency
record as an exhibit, so we will assume the agency record is properly before us. See APTRA §
19(d)(3). (1)

 The Board contends by cross-point that the district-court judgment must be affirmed
because appellant has failed to file a statement of facts. In an appeal from the judgment of the
district court in an APTRA case, we are unable to properly determine whether the district court's
alleged error was harmful as to those matters in which evidence may have been offered in the
district court absent a complete statement of facts or compliance with the rule governing a partial
statement of facts. See Christiansen v. Prezelski, 782 S.W.2d 842, 843-44 (Tex. 1990); Fort
Bend County v. Texas Parks & Wildlife Comm'n, No. 3-90-242-CV (Tex. App.--Austin, Nov. 6,
1991, no writ); APTRA § 19(c) (trial de novo), (d) (presentation of additional evidence or
evidence of procedural irregularities not reflected in the record); Tex. R. App. P. Ann. 53(d)
(Pamph. 1991) (partial statement of facts). The burden is on the appellant to see that a sufficient
record is presented to show error requiring reversal, and it is the appellant's duty to cause the
statement of facts to be filed with the clerk of the court of appeals. Tex. R. App. P. Ann. 50(d)
(Pamph. 1991). We cannot consider an item that is not a part of the record on appeal. Nuby v.
Allied Bankers Life Ins. Co., 797 S.W.2d 396, 398 (Tex. App. 1990, no writ); Gowan v. Reimers,
220 S.W.2d 331, 336 (Tex. Civ. App. 1949, writ ref'd n.r.e.); see Tex. R. App. P. Ann. 50(a)
(Pamph. 1991).

 In the absence of a complete statement of facts or compliance with the rule
governing a partial statement of facts, the court of appeals must presume that evidence exists to
support the district court's findings of fact and judgment. See, e.g., Mays v. Pierce, 281 S.W.2d
79, 82 (Tex. 1955); Kirkman v. Snively, 2 Tex. 447, 448 (1847). Without a statement of facts,
this Court's review of the district-court judgment must be strictly limited to matters in which
evidence may not have been offered in the district court and in which the district court acted solely
in an appellate capacity, e.g., reviewing the sufficiency of the agency's decision under the
substantial evidence rule.

 Appellant admits in his supplemental brief that testimony was presented in the
district court concerning: (a) the Board's alleged refusal to provide portions of its investigative
files (point of error 1); (b) allegations that a board member was biased (point of error 4); and (c)
the Board's arbitrary treatment of appellant in light of the punishment given to another dentist for
giving breast examinations to patients (point of error 5). In addition, we are unable to ascertain
whether evidence was presented in the district court regarding the Board's alleged wilful failure
to notify appellant of the status of the complaint against him as required by Tex. Rev. Civ. Stat.
Ann. 4549, § 5(c) (Supp. 1991) (point of error 2) and whether the Board denied appellant due
process by violating the Board's own rules and regulations (point of error 3). Accordingly, we
overrule points of error 1 through 5. We sustain the Board's cross-point in part as to appellant's
points of error 1 through 5 and overrule the cross-point in part as to appellant's point of error 6.

 In point of error 6, appellant contends that the Board's finding that someone other
than appellant took dental impressions of the complaining patient was not supported by substantial
evidence. See Tex. Rev. Civ. Stat. Ann. art. 4548h, § 3(e), art. 4549, § 4(b) (Supp. 1991);
APTRA § 19(e). The test under substantial evidence review is not whether the agency reached
the correct conclusion, but whether some reasonable basis exists in the record for the agency's
action. The reviewing court is not bound by the reasons given in the agency's order, provided
there is a valid basis for the agency's action. The agency's action must be sustained if the
evidence is such that reasonable minds could have reached the conclusion that the agency must
have reached in order to justify its action. Texas Health Facilities Comm'n v. Charter
Medical--Dallas, Inc., 665 S.W.2d 446, 452-53 (Tex. 1984). The findings, inferences,
conclusions, and decisions of an administrative agency are presumed to be supported by
substantial evidence, and the burden is on the contestant to prove otherwise. Therefore, if
evidence exists to support either affirmative or negative findings on a specific matter, the decision
of the agency must be upheld. Id. at 453.

 The complaining patient testified on more than one occasion that "a lady" took
dental impressions of his teeth. Applying substantial-evidence review to this cause, we hold that
the Board's finding is supported by substantial evidence. Point of error 6 is overruled.

 The judgment of the district court is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed: January 15, 1992

[Do Not Publish]
1. Because the issue is not raised by the parties, we do not address whether section 19(d)(3) of
APTRA requires the agency record to be exclusively a part of the statement of facts when the
cause is on appeal from the district-court judgment.