William **DOWNS**, d/b/a Atlas Portable Buildings, Appellant,

v.

Glenn **SEATON**, Appellee.

No. 12–91–00300–CV.

Court of Appeals of Texas, Tyler.

July 16, 1993.

Robert Lee, Tyler, for appellant.

Mark L.L. Welker, Quitman, for appellee.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

BILL BASS, Justice.

This is a DTPA case arising out of the sale of a portable building. The jury found that Appellant Downs had made misrepresentations, engaged in false, misleading, or deceptive acts or practices, and breached express warranties. The trial court rendered judgment for Appellee Seaton in the amount of $3,000 in actual and trebled damages, plus $2,800 for attorney's fees. We will affirm the judgment of the trial court.

The record shows that Glenn Seaton went to Atlas Portable Buildings and inquired from the owner, William Downs, about price and quality of his buildings. Seaton decided on a particular size building to be constructed on his property at a cost of $3,293.75. The purchase agreement shows that the date of purchase was July 6, 1987. Seaton testified that Downs had promised him that the building would not leak, both before and after the purchase agreement was signed.

More than two years later, in December of 1989, Seaton discovered that the building's roof had been leaking. He noticed water stains in some luggage, which had been stored in the building. Seaton called Atlas in the next couple of weeks to try to have the roof repaired. However, Downs refused to come out to fix the roof because it had been so long since the purchase and because Seaton was being unreasonable in insisting that the luggage be replaced as well. After sending a demand letter to Downs, Seaton brought suit against Downs, d/b/a Atlas Portable Buildings, and alleged that Downs had made false, deceptive, and misleading representations about the quality and grade of the building, and that it was fit for Seaton's intended purpose. Based on the jury's verdict against Downs, the trial court judgment awarded Seaton $3,000 in actual and trebled damages, and $2,800 in attorney fees.

In his first point of error, Downs argues that the trial court erred in overruling his motion for summary judgment and his motion for instructed verdict for the reason that the statute of limitations had expired prior to the time Seaton had filed his lawsuit. We cannot review a trial court's action in overruling a motion for summary judgment. *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex.1966); *Nuby v. Allied Bankers Life Ins. Co.*, 797 S.W.2d 396, 397 (Tex.App.—Austin 1990, no writ).

After Seaton had introduced his evidence and rested, Downs moved for an instructed verdict contending that the statute of limitations had run. After the trial court overruled his motion, Downs proceeded to present his case-in-chief. The law is well settled that a defendant, by electing not to stand on his motion for instructed verdict made after the plaintiff has rested its case, and by proceeding with the introduction of his own evidence, waives his motion for instructed verdict. *Buckner v. Buckner*, 815 S.W.2d 877, 879 (Tex.App.—Tyler 1991, no writ); *Jacobini v. Hall*, 719 S.W.2d 396, 398 (Tex.App.—Fort Worth 1986, writ ref'd, n.r.e.). Downs' first point of error is overruled.

In his second point of error, Downs complains that the trial court erred in overruling his motion in limine and in admitting parol evidence over his objection. It is fundamental that the trial court's grant or denial of a motion in limine is not a ruling on the admissibility of the evidence and is not appealable. *Hartford Accident and Indemnity Co. v. McCardell,* 369 S.W.2d 331, 335 (Tex. 1963); *see Pool v. Ford Motor Co.,* 715 S.W.2d 629, 637 (Tex.1986).

Downs did obtain from the trial court a running objection to all evidence relating to statements Downs made that were extrinsic to the written contract. However, while the issue has been preserved for review, we disagree that the trial court erred in allowing "parol evidence" to be admitted. Oral representations are not only admissible, but can serve as the basis of a DTPA action. *Weitzel v. Barnes,* 691 S.W.2d 598, 600 (Tex.1985); *see United Postage Corp. v. Kammeyer,* 581 S.W.2d 716, 720–21 (Tex.Civ.App.—Dallas 1979, no writ). Point of error two is overruled.

The judgment of the trial court is **affirmed.**